UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | JOINTLY ADMINISTERED UNDER CASE NO. 10-38652 |
| DUKE AND KING ACQUISITION, CORP., | Court File No. 10-38652 |
| Debtors. | Court File Nos: |
| (includes: | |
| Duke and King Missouri, LLC; | 10-38653 (GFK) |
| Duke and King Missouri Holdings, Inc.; | 10-38653 (GFK) |
| Duke and King Real Estate, LLC; | 10-38653 (GFK) |
| DK Florida Holdings, Inc.) | 10-38653 (GFK) |
| | Chapter 11 Cases Judge Gregory F. Kishel |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF HEARING AND MOTION FOR ORDER GRANTING EXPEDITED RELIEF AND APPROVING REJECTION OF CERTAIN UNEXPIRED LEASES**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO: The parties specified in Local Rule 9013-3(a)(2) and the parties identified on the attached service list.

1. The above-captioned debtors and debtors in possession (collectively, the "Debtors") move the Court for the relief requested below and give notice of a hearing.

2. The Court will hold the hearing on this Motion at 1:30 p.m. on December 21, 2010 in Courtroom No. 2A, at the United States Courthouse, at Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

3. Local Rule 9006-1(b) provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought, the Debtors do not object to written responses being served and filed twenty-four hours prior to the hearing on the Motion. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4846002

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This is a core proceeding. The petitions commencing the Debtors' chapter 11 cases were filed on December 4, 2010 (the "Petition Date"). The cases are now pending in this Court.

5. This Motion arises under 11 U.S.C. § 365(a). This Motion is filed under Fed. R. Bankr. P. 9006 and 9014 and Local Rule 9006-1 and 9013-1 through 9013-3. The Debtors request an order granting expedited relief and approving rejection of the unexpired leases identified on <u>Exhibit A</u> (the "Rejected Leases").

## BACKGROUND

6. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtors have continued in possession of their property and are managing their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. As of the Petition Date, the Debtors owned 92 separate franchise locations: 38 in Minnesota; 21 in Missouri; 17 in Illinois; 12 in Wisconsin; 3 in Iowa; and 1 in Kansas. Shortly before the Petition Date, the Debtors ceased operations in 5 of those 92 locations.

8. Duke and King Acquisition Corp. ("D&K Acquisition") was formed in November 2006, to acquire 88 Burger King franchise restaurants from the Nath Companies ("Nath"). The acquisition was funded by approximately $11.2 million in equity contributions from Kinderhook Capital Fund I and $17 million of debt provided by Bank of America, N.A. ("BofA"). At the time of the acquisition, Burger King Corporation ("BKC") and Kinderhook Industries ("Kinderhook") recognized that the stores being purchased were significantly behind on both successor and CAPEX commitments. Notwithstanding the significant CAPEX requirements, D&K Acquisition decided to move forward with the Nath acquisition, based in part, on guidance

from BKC that there would be opportunities in the near future to bolster its platform with additional acquisitions. The Nath acquisition also included 12 restaurants in Florida which D&K Acquisition planned on divesting shortly after closing the transaction so that it could focus on its core Midwest market.[1]

9. Shortly after the Nath acquisition, D&K Acquisition formed Duke and King Missouri, LLC ("D&K Missouri" and with D&K Acquisition, the "Company") to purchase 24 restaurants in Missouri, known at the time as the Swisshelm Group ("Swisshelm"). Like the Nath restaurants, the Swisshelm assets were in poor condition and were also in need of significant operational and capital improvements. For example, in the first six months following the Swisshelm acquisition, 20 of the 23 regional managers and three of the four area managers were replaced in that market. This high turnover, while ultimately improving on-going operations, initially hurt productivity and added significant replacement and training costs. Additionally, the CAPEX required to bring the stores to acceptable conditions exceeded original estimates by over 140%. If D&K Missouri had not purchased the Swisshelm locations, there was a high probability that the majority of the 24 stores would have been closed or converted to another concept.

10. After the Swisshelm acquisition, the Company continued to seek additional growth opportunities in an effort to "average in" low CAPEX and "clean EBITDA" to bolster the overall strength and value of its portfolio. In May 2007, the Company signed a letter of intent to purchase 66 restaurants from Simmonds Restaurants in the Omaha and Des Moines markets. However, BKC did not approve the Company's purchase of the Omaha and Des Moines markets. Unfortunately, this development set back the Company's business plan and handcuffed its ability

---

[1] In July 2007, D&K Acquisition sold four of the 12 Florida restaurants purchased as part of the Nath acquisition. Ten months later, BKC acquired seven of the Company's remaining Florida locations and converted them to corporate stores.

4846002     3

to "average in" better-conditioned stores with advantageous operating results. Its plan to use cash flow from stronger locations to fund CAPEX at older restaurants could not, as a result, work. The Company was left with increasingly troubled assets requiring high CAPEX dollars without the ability to leverage better performing stores.

11. The need to spend CAPEX dollars has been a constant drain on the Company. Since its inception, the Company has reinvested all of its excess cash flow into the restaurants and spent over $8.75 million on CAPEX ($4.0 million in 2007, $1.9 million in 2008, $2.3 million in 2009 and approximately $600 thousand year-to-date in 2010). Moreover, to meet additional CAPEX obligations, the Company performed sale-leasebacks of all of its real property holdings — 10 stores in 2008 and 3 stores in 2009 — generating approximately $13.3 million. Of that amount, approximately $10.5 million was used to pay down debt and approximately $2.8 million was reinvested in the restaurants.

12. The Company's chapter 11 filing is driven by both macroeconomic factors and the Company's acute short-term liquidity problems. The Company finds itself in a situation in which its growth opportunity is limited by economic reality and its agreements with Burger King. The prolonged recession has greatly reduced customer traffic in its stores, driving down cash flow. In short, the Company's year-to-date financials have fallen short of projections. For the eleven periods[2] ended November 4, 2010, sales are $81.7 million, which is $5.4 million short of projections. Through this fiscal year, the BKC system has experienced same store sales declines for the past several quarters. Over the past four periods, the Company has experienced sales declines of 4.4% (period 8), 10% (period 9), 2.7% (period 10), 5.2% (period 11) and 11.1% (period 12 to date). Furthermore, through period eleven, the Company's same store sales are down 4.0% from 2009. Restaurant margins have come under increased pressure with the

---

[2] The Company uses "periods" rather than "months" in its financial reporting. A "period" is equal to 4 weeks.

impacts of winter weather, value promotions such as the "$1 Double Cheeseburger" and fluctuations in commodity prices, which have contributed to a decline in EBITDAR (Earnings before Interest, Taxes, Depreciation, Amortization and Rent) of over 9% in the past two years. Although the Company continues to maintain a high level of operating efficiency, and 90% of its restaurants have received "excellent" or "good" ratings from BKC, operating margins have not been sufficient to meet the restaurants' required CAPEX.

13. Earlier this year, as it addressed its liquidity problems, the Company was sued by BKC for breach of post-termination obligations under certain of BKC's franchise agreements. The litigation was resolved by the Company executing a Limited License Agreement with BKC, which, among other things, requires a sale of 52 of the Company's franchise locations on or before December 30, 2010. After that date, the Company's rights under 52 of their BKC franchise agreements will terminate, absent an extension from BKC.

14. Since October, 2010, the Company has been working on a short-term solution of its liquidity issues with BKC, as well as a long-term plan that would align the Company with BKC's new vision for improving the Burger King brand name. The Company also reached out to BofA to discuss the Company's financial condition. The Company, BKC and BofA (and their respective advisors) met several times leading up to the Petition Date. As a result of these meetings, the parties agreed to a deferral of principal and interest payments to BofA and the deferral of franchise, advertising and royalty fees to BKC. Among other conditions, and similar to the requirement of the Limited License Agreement, the Company was required to engage the services of an investment banker to market the assets and sell the business. The Company has retained an investment banker who has commenced a professional process to find a buyer or buyers for the business in order to maximize the value of the enterprise. Through the parties'

collaborative efforts, the Company was able to continue to operate until a consensual long-term deal could be finalized. However, the Company's acute cash needs — obligations to BofA, BKC, landlords and vendors — coupled with lagging revenues and the beginning of the Company's slow season, necessitated a filing under chapter 11 of the Bankruptcy Code in order to preserve the value of the business. The filing will also provide time and liquidity to market and sell the business.

15. D&K Acquisition and its subsidiaries included in the chapter 11 filing are all borrowers under the credit facility with BofA. D&K Acquisition and its subsidiaries fall into the following categories:

16. D&K Acquisition and its subsidiaries included in the chapter 11 filing are all borrowers under the credit facility with BofA. D&K Acquisition and its subsidiaries fall into the following categories:

**Operating Companies**

17. Duke and King Acquisition Corp. Headquartered in Burnsville, MN, it is a Delaware corporation and 100% owner of both Duke and King Missouri Holdings, Inc. and DK Florida Holdings, Inc. It employs senior executive management and operates restaurants in Minnesota, Wisconsin, Iowa and Illinois.

18. Duke and King Missouri, LLC. Headquartered in Burnsville, MN, it is a Delaware limited liability company and operates restaurants in Missouri and Kansas, but is wholly owned by Duke and King Missouri Holdings, Inc.

**Holding Companies**

19. Duke and King Missouri Holdings, Inc. It is a Delaware corporation holding company that owns 100% of D&K Missouri.

20.     DK Florida Holdings, Inc.  It is a Delaware corporation that serves as a holding company that formerly owned 100% of DK Florida, LLC (which was cancelled in September 2009).

21.     Duke and King Real Estate, LLC.  It is a Delaware limited liability company that used to own real estate in fee for certain locations, but divested itself of those holdings as of 2009.

22.     A chart depicting the Debtors' organizational structure is as follows:



_____

[1] Duke and King Acquisition Corp. is 100% owned by Duke and King Holdings, Inc.

23.     The Debtors' primary secured financing is through a credit facility with BofA, with obligations totaling approximately $11,000,000 as of December 1, 2010.

**BACKGROUND RELEVANT TO RELIEF REQUESTED**

24.     Prior to the Petition Date, the Debtors reviewed their operations and concluded that certain restaurants were underperforming and losing money.  In light of this poor performance, the Debtors, with approval of BKC, closed five restaurant locations shortly before

the Petition Date. The unexpired nonresidential real property leases associated with these store closings are identified on <u>Exhibit A</u> to this Motion and are referred to herein as the "Rejected Leases." The Rejected Leases are not necessary for continued operations and are a burden on the estates. Therefore, the Debtors request an order approving the rejection of the Rejected Leases as of the date of the notice of this Motion.

25. Finally, Debtors seek an expedited hearing on this Motion. Unless the Court enters an order prior to January 1, 2011, the landlords may assert that Debtors' estates are liable for additional administrative claims in the form of rent for January, which would reduce amounts available to the creditor body as a whole. Thus, an expedited hearing on this Motion is appropriate.

26. Pursuant to Local Rule 9013-2(a), this Motion is verified and is accompanied by a Memorandum, Proposed Order and proof of service.

27. Pursuant to Local Rule 9013-2(c), the Debtors give notice that it may, if necessary, call Becky Moldenhauer, the Chief Financial Officer, whose business address is 12281 Nicollet Avenue, Burnsville, MN 55337 to testify regarding the facts set out in this Motion.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter an order: (I) granting expedited relief; (II) authorizing the Debtors to reject the Rejected Leases as of the date of the notice of this Motion; and (III) granting such other and further relief as the Court deems just and equitable.

FREDRIKSON & BYRON, P.A.

Dated:  December 8, 2010

*/s/ Clinton E. Cutler*
Clinton E. Cutler (#158094)
Douglas W. Kassebaum (#386802)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
ccutler@fredlaw.com
dkassebaum@fredlaw.com

PROPOSED CO-COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION

– and –

McDONALD HOPKINS LLC

Shawn M. Riley (OH 0037235)
Scott N. Opincar (OH 0064027)
Michael J. Kaczka (OH 0076548)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Phone (216) 348-5400
Fax (216) 348-5474
sriley@mcdonaldhopkins.com
sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com

PROPOSED CO-COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

## VERIFICATION

I, Becky Moldenhauer, am the Chief Financial Officer of Duke and King Acquisition Corp. and Duke and King Missouri, LLC. Based upon my personal information and belief, I declare under penalty of perjury that the facts set forth in paragraphs 6 – 24 of the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated: December 8, 2010

Signed: *Becky Moldenha—*
Becky Moldenhauer

# **EXHIBIT A**

| Debtor | Location | Address | City | St | Zip | Landlord | Address 1 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| Duke and King Missouri, LLC | Webb City, MO | 1312 S. Madison St | Webb City | MO | 64870 | Legacy Enterprises, Inc. | 7155 E. Crescent Ct. | Springfield | MO | 65809 |
| Duke and King Acquisition Corp. | NIFG Chicago Hts. | 678 W. 14th St. | Chicago Hts. | IL | 60411 | Peggy Chang and Hsia Chang, Trustee of the Hsia Chang Revocable Trust | 38 Josiah Avenue | San Francisco | CA | 94112 |
| Duke and King Acquisition Corp. | NIOG Richton Park, IL | 4121 Sauk Trail | Richton Park | IL | 60471 | Kathleen Kahn | 3 Silver Queen Ct. | Park City | UT | 84060 |
| Duke and King Acquisition Corp. | NMFG Farmington, MN | 120 Elm St. | Farmington | MN | 55024 | Mark and Helen King | 2298 Thistle Road | Glenview | IL | 60026 |
| Duke and King Missouri, LLC | Joplin, MO | 1710 Maiden Ln. | Joplin | MO | 64801 | Legacy Enterprises, Inc. | 7155 E. Crescent Ct. | Springfield | MO | 65809 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In re: | JOINTLY ADMINISTERED UNDER CASE NO. 10-38652 |
|---|---|
| DUKE AND KING ACQUISITION, CORP., | Court File No. 10-38652 |
| Debtors. | Court File Nos: |
| (includes:<br>Duke and King Missouri, LLC;<br>Duke and King Missouri Holdings, Inc.;<br>Duke and King Real Estate, LLC;<br>DK Florida Holdings, Inc.) | 10-38653 (GFK)<br>10-38653 (GFK)<br>10-38653 (GFK)<br>10-38653 (GFK) |
| | Chapter 11 Cases<br>Judge Gregory F. Kishel |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER GRANTING EXPEDITED RELIEF AND APPROVING REJECTION OF CERTAIN UNEXPIRED LEASES**

## INTRODUCTION

The Debtors have moved on an expedited basis for an order of the Court rejecting the Rejected Leases as of the date of notice of this Motion. Because cause exists for such rejection, the Debtors request that the Court grant the Motion.

## BACKGROUND

The facts in support of the requested relief are set forth in the verified Motion. All capitalized terms have the meaning ascribed to them in the Motion.

## ARGUMENT

**I.  THE COURT SHOULD GRANT EXPEDITED RELIEF.**

Local Rule 9006-1(b) provides that moving documents shall be filed and served by delivery not later than ten days, or by mail not later than fourteen days before the hearing date.

Local Rule 9006-1(e), however, provides that the Court may reduce notice for cause. Here, cause exists to reduce notice of the hearing. The Debtors have closed the stores associated with the Rejected Leases. Consequently, the Rejected Leases are not necessary for continued operations and are a burden on the estates. Unless the Court enters an order prior to January 1, 2010, however, the Debtors' estates may be exposed to additional administrative claims in the form of rent for all of or portions of December, 2010. These administrative claims would reduce amounts available to the creditor body as a whole. Moreover, the Court has already set aside December 21, 2010, as a hearing date for other relief requested by the Debtors. This scheduled hearing date, coupled with the impeding holiday break, further supports an emergency hearing on this Motion. Thus, under the circumstances, 13 days' notice is sufficient.

## II. THE COURT SHOULD APPROVE REJECTION OF THE REJECTED LEASES.

The Bankruptcy Code provides that a debtors in possession may either assume or reject executory contracts and unexpired leases, subject only to court approval. See 11 U.S.C. § 365(a). Courts routinely approve a debtor in possession's decision to assume or reject if it represents reasonable exercise of business judgment. See, e.g., In re Audra Johnson Corp., 140 B.R. 752, 755 (Bankr. D. Minn. 1992). Here, the Debtors have closed certain under performing stores. The Rejected Leases are no longer necessary to Debtor's day-to-day operations, and rejecting such agreements will reduce Debtors' operating and administrative costs during the pendency of the chapter 11 cases. Such rejections, as an exercise of business judgment, are in the best interests of the estates and should be approved.

A lease or contract is deemed rejected as of the date the debtor in possession has given notice by unequivocal act that the lease or contract has been rejected. See, In re Re-Trac Corp, 59 B.R. 251, 255(b) (Bankr. D. Minn. 1986); In re Audra-Johnson Corp., 140 B.R. 752, 755 (Bankr. D. Minn. 1992); In re 1 Potato 2, Inc., 58 B. R. 752, 754-55 (Bankr. D. Minn. 1986). In

this case, the Debtors have provided notice to the counter-parties to the Rejected Leases by, among other things, vacating the premises and providing them copies of this Motion. The Debtors have not made any use of the benefits of such Rejected Leases after receipt of such notice. Therefore, the Rejected Leases should be deemed rejected as of the date of the notice of the Motion.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court (i) grant their request for expedited relief and (ii) approve the rejection of the Rejected Leases as of the date of notice of this Motion.

|  |  |
|---|---|
|  | FREDRIKSON & BYRON, P.A. |
| Dated:  December 8, 2010 | */s/ Clinton E. Cutler* |
|  | Clinton E. Cutler (#158094) |
|  | Douglas W. Kassebaum (#386802) |
|  | 200 South Sixth Street, Suite 4000 |
|  | Minneapolis, MN 55402 |
|  | Phone (612) 492-7000 |
|  | Fax (612) 492-7077 |
|  | ccutler@fredlaw.com |
|  | dkassebaum@fredlaw.com |
|  |  |
|  | – and – |
|  |  |
|  | McDONALD HOPKINS LLC |
|  |  |
|  | Shawn M. Riley (OH 0037235) |
|  | Scott N. Opincar (OH 0064027) |
|  | Michael J. Kaczka (OH 0076548) |
|  | 600 Superior Avenue, East, Suite 2100 |
|  | Cleveland, OH 44114-2653 |
|  | Phone (216) 348-5400 |
|  | Fax (216) 348-5474 |
|  | sriley@mcdonaldhopkins.com |
|  | sopincar@mcdonaldhopkins.com |
|  | mkaczka@mcdonaldhopkins.com |
|  |  |
|  | PROPOSED CO-COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

*********************************************************************************************

| | |
|---|---|
| In re: | JOINTLY ADMINISTERED UNDER<br>CASE NO. 10-38652 |
| DUKE AND KING ACQUISITION, CORP., | Court File No. 10-38652 |
| Debtors. | |
| | Court File Nos: |
| (includes: | |
| Duke and King Missouri, LLC; | 10-38653 (GFK) |
| Duke and King Missouri Holdings, Inc.; | 10-38653 (GFK) |
| Duke and King Real Estate, LLC; | 10-38653 (GFK) |
| DK Florida Holdings, Inc.) | 10-38653 (GFK) |
| | Chapter 11 Cases<br>Judge Gregory F. Kishel |

*********************************************************************************************

## CERTIFICATE OF SERVICE

*********************************************************************************************

Douglas W. Kassebaum, under penalty of perjury, states that on December 8, 2010, he caused to be served the following:

1. Notice of Motion and Motion for Order Granting Expedited Relief and Approving Rejection of Certain Unexpired Leases;

2. Memorandum of Law in Support of Motion for Order Granting Expedited Relief and Approving Rejection of Certain Unexpired Leases; and

3. Order Granting Expedited Relief and Approving Rejection of Certain Unexpired Leases; and

4. Certificate of service

by sending true and correct copies to all parties on the attached Service List as indicated therein.


Dated: December 8, 2010        */s/ Douglas W. Kassebaum*
                               Douglas W. Kassebaum

4846002

Duke and King Acquisition Corp. and Related Debtors  -  Bky No. 10-38652
SERVICE LIST
Served via US mail except those parties whose contact information includes an e-mail address were served via e-mail

| **US Trustee and Other Required Parties** | Attorneys for Burger King Corporation<br>Paul J. Battista<br>Genovese Joblove & Battista, P.A.<br>100 Southeast Second Street, 44th Floor<br>Miami, Florida  33131<br>pbattista@gjb-law.com | **Major Secured Creditors** |
|---|---|---|
| U.S. Trustee's Office<br>1015 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415<br>ustpregion12.mn.ecf@usdoj.gov | | Bank of America, N.A.<br>as Administrative Agent<br>600 Peachtree Street, NE,<br>GA1-006-13-20<br>Atlanta, GA 30308<br>Fax No. 404-942-4476 |
| U.S. Trustee's Office<br>1015 US Courthouse<br>300 South Fourth Street<br>Minneapolis MN 55415<br>michael.fadlovich@usdoj.gov | Attorneys for Burger King Corporation<br>Kenneth Corey-Edstrom Esq.<br>Larkin, Hoffman, Daly & Lindgren Ltd.<br>1500 Wells Fargo Plaza<br>7900 Xerxes Avenue South<br>Bloomington, MN  55431-1194<br>kcoreyedstrom@larkinhoffman.com | Attorneys for Bank of America<br>Stephen M. Mertz<br>Michael R. Stewart<br>Michael F. Doty<br>Christopher J. Harayda<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South 7th Street<br>Minneapolis, MN  55402-3901<br>SMertz@faegre.com<br>MStewart@faegre.com<br>MDoty@faegre.com<br>CHarayda@faegre.com |
| IRS District Counsel<br>380 Jackson St, Ste 650<br>St Paul MN 55101-4804 | Swisshelm<br>Attn: Bruce Swisshelm<br>3765 East Turtle Hatch Road<br>Springfield, MO 65809 | |
| Internal Revenue Service<br>Wells Fargo Place<br>30 E 7th St, Mail Stop 5700<br>St Paul MN 55101 | Reinhart Foodservice LLC<br>230 North Front Street<br>La Crosse, WI  54601<br>rerytilahti@rfsdelivers.com | Attorneys for Bank of America<br>Wendy S. Walker<br>Jonathan K. Bernstein<br>Patrick D. Fleming<br>Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, NY  10178-0060<br>wwalker@morganlewis.com<br>jbernstein@morganlewis.com<br>pfleming@morganlewis.com<br>awells@morganlewis.com |
| MN Department of Revenue<br>Collection Enforcement<br>551 Bankruptcy Section<br>600 North Robert Street<br>PO Box 64447<br>St Paul MN 55101-2228 | MBM Corporation<br>Attn: Dana Demers<br>P.O. Box 841170<br>Dallas, TX  75284-1170<br>ddemers@mbmfoodservice.com | |
| US Attorney<br>600 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415 | Sicom Systems  Inc.<br>4140 Skyron Drive<br>Doylestown, PA  18901<br>mdeily@sicom.com | Reinhart Foodservice, LLC<br>c/o Jeffrey D. Klobucar<br>Foley & Mansfield PLLP<br>250 Marquette Avenue, #1200<br>Minneapolis, MN  55401<br>jklobucar@foleymansfield.com |
| Minnesota Department of Economic Security<br>332 Minnesota St, Ste E200<br>St. Paul MN 55101-1351 | Gilbert Mechanical Cont. inc.<br>4451 West 76th Street<br>Minneapolis, MN  55435<br>mgoelz@gilbertmech.com | |
| **Debtors** | OI Distribution<br>12900 Southwest 89th Court<br>Miami, FL  33176<br>iliana@originalimpressions.com | Reinhart Foodservice, LLC<br>c/o Thomas F. Blamemore<br>Winston & Strawn, LLP<br>35 West Wacker Drive<br>Chicago, IL  60601-9703<br>tblakemore@winston.com |
| Duke and King Acquisition Corp.<br>Attn: Becky Moldenhauer<br>12281 Nicollet Ave S<br>Burnsville, MN  55337<br>bmoldenhauer@dukeandking.com | | |
| **Debtors' 10 Largest Unsecured Creditors** | Pan-O-Gold Baking Co.<br>444 East St. Germain St.<br>St. Cloud, MN 56304<br>info@panogold.com | Meadowbrook Meat Company<br>d/b/a MBM Corp<br>c/o Larry B. Ricke<br>Ricke & Sweeney, PA<br>325 Cedar Street<br>St. Paul, MN  55101<br>rickel@srsg.net |
| Kinderhook<br>521 Fifth Ave 34th Floor<br>New York, NY  10175<br>ttuttle@kinderhook.com | Legacy Enterprises<br>Attn: John Strong<br>1109 S Pickwick Ave<br>Springfield, MO 65804 | |
| Burger King Corporation<br>Attn: Frank Taylor<br>PO Box 93290<br>Atlanta, GA  31193-2980<br>ftaylor@whopper.com | | |

4846002

Duke and King Acquisition Corp. and Related Debtors  -  Bky No. 10-38652
SERVICE LIST
Served via US mail except those parties whose contact information includes an e-mail address were served via e-mail

| |
|---|
| Duke Manufacturing Co.<br>Attn: Officer or Agent<br>2305 North Broadway<br>Saint Louis, MO  63102<br>Fax No. 314-231-5074 |
| GreatAmerica Leasing Corporation<br>Attn: Officer or Agent<br>625 1st Street, SE, Suite 800<br>Cedar Rapids, IA  52401-2031<br>Fax No. 319-365-8607 |
| Meadowbrook Meat Company<br>Attn: Dana Demers<br>2641 Meadowbrook Road<br>Rocky Mount, NC  27802<br>Fax No. 252-467-4520<br>ddemers@mbmfoodservice.com |
| Coca-Cola Financial Corporation<br>Attn: Amber Meyer<br>1410 SW Morrison St., #750<br>Portland, OR  97205<br>amber_meyer@leasedimensions.com |
| Warren Capital Corporation<br>Attn: Scott Shapiro<br>100 Rowland Way #205<br>Novato, CA  94945<br>Fax No. 415-892-7075 |

## LANDLORD SERVICE LIST

Legacy Enterprises, Inc.
7155 E. Crescent Ct.
Springfield, MO  65809

Peggy Chang and Hsia Chang,
Trustees of the Hsia Chang
Revocable Trust
38 Josiah Avenue
San Francisco, CA  94112

Kathleen Kahn
3 Silver Queen Ct.
Park City, UT  84060

Mark and Helen King
2298 Thistle Road
Glenview, IL  60026

4846002

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

****************************************************************************************

In re:

DUKE AND KING ACQUISITION, CORP.,

Debtors.

(includes:
Duke and King Missouri, LLC;
Duke and King Missouri Holdings, Inc.;
Duke and King Real Estate, LLC;
DK Florida Holdings, Inc.)

JOINTLY ADMINISTERED UNDER
CASE NO. 10-38652

Court File No. 10-38652

Court File Nos:

10-38653 (GFK)
10-38653 (GFK)
10-38653 (GFK)
10-38653 (GFK)

Chapter 11 Cases
Judge Gregory F. Kishel

****************************************************************************************

**ORDER GRANTING MOTION FOR EXPEDITED RELIEF
AND APPROVING REJECTION OF CERTAIN RELEASES**

****************************************************************************************

These cases are before the court on the Debtors' Motion for Order Granting Relief and Approving Rejection of Certain Unexpired Leases. Based on the motion and all the files, records and proceedings herein,

IT IS HEREBY ORDERED:

1. The Debtors' Motion for expedited hearing is granted.

2. The Debtors' Motion for approval of rejection of unexpired leases set forth in Exhibit A to the Motion is hereby approved (the "Rejected Leases").

3. The Rejected Leases are deemed rejected as of December 8, 2010.

Dated: _____

Gregory F. Kishel
United States Bankruptcy Judge

4846002