## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

*******************************************************************************

| | |
|---|---|
| In re: | JOINTLY ADMINISTERED UNDER CASE NO. 10-38652 |
| DUKE AND KING ACQUISITION, CORP., | Court File No. 10-38652 |
| Debtors. | |
| | Court File Nos: |
| (includes: | |
| Duke and King Missouri, LLC; | 10-38653 (GFK) |
| Duke and King Missouri Holdings, Inc.; | 10-38653 (GFK) |
| Duke and King Real Estate, LLC; | 10-38653 (GFK) |
| DK Florida Holdings, Inc.) | 10-38653 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

*******************************************************************************

**ORDER (I) GRANTING EXPEDITED RELIEF, (II) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (III) AUTHORIZING CONTINUED USE OF CASH MANAGEMENT SYSTEM**

*******************************************************************************

This case came before the court on the Debtors' Joint Motion for Order (I) Granting Expedited Relief, (II) Authorizing Maintenance of Existing Bank Accounts and Business Forms, (III) Authorizing Continued Use of Cash Management System, and (IV) Waiving the Requirements of 11 U.S.C. § 345(b) (the "Motion"). Appearances were as noted on the record.

Based on the Motion, the arguments of counsel, all of the files, records and proceedings herein, the court being advised in the premises and the court's findings of fact and conclusions of law, if any, having been stated orally and recorded in open court following the close of evidence,

**IT IS HEREBY ORDERED:**

1.　　The Debtors' Motion for expedited relief is granted.

2.　　The Debtors are authorized, in the reasonable exercise of their business judgment, to designate, maintain, and continue to use, with the same account numbers, all the active bank

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *12/09/2010*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

accounts in existence on the petition date, including without limitation those identified on Exhibit A to the Motion (the "Prepetition Bank Accounts"). The requirements of 11 U.S.C. § 345(b) are not waived.

3. The Debtors are authorized to use, in their present form, checks and other documents related to the Prepetition Bank Accounts; provided, however, that the Debtors shall order business forms and related materials as needed in accordance with the requirements of the Office of the United States Trustee. The Debtors are authorized to treat the Prepetition Bank Accounts for all purposes as accounts of the Debtors as "Debtors in Possession."

4. Each and every bank at which any Prepetition Bank Account is maintained is hereby authorized and directed to continue to service and administer such Prepetition Bank Account as an account of the Debtors as "Debtors in Possession" without interruption and in the usual and ordinary course, and receive, process, honor and pay any and all checks and drafts drawn on the Prepetition Bank Account after the petition date by the holders or makers thereof; provided, however, that any check drawn or used by the Debtors before the petition date may be honored by any bank only specifically authorized by order of this Court.

5. It is further ordered that the Debtors shall provide a list of any such checks or a category of such checks relating to obligations prior to the petition date to be honored to the banks, which may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the petition date should be honored pursuant to this or any other order of this Court, and such bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

6. The Debtors are authorized to continue utilizing their centralized Cash Management System (as identified on Exhibit B to the Motion) to manage their cash in a manner consistent with the Debtors' prepetition practice, modified as Debtors deem necessary to best

identify and track receipts and disbursements, and subject to the security interests described in any cash collateral orders entered in the Debtors' chapter 11 cases.

Dated: December 9, 2010.

*/e/ Gregory F. Kishel*

Gregory F. Kishel
United States Bankruptcy Judge