# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

*************************************************************************

| | |
|---|---|
| In re: | **JOINTLY ADMINISTERED UNDER CASE NO. 10-38652** |
| DUKE AND KING ACQUISITION CORP., | Court File No. 10-38652 |
| Debtors. | Court File Nos: |
| (includes: | |
| Duke and King Missouri, LLC; | 10-38653 (GFK) |
| Duke and King Missouri Holdings, Inc.; | 10-38654 (GFK) |
| Duke and King Real Estate, LLC; | 10-38655 (GFK) |
| DK Florida Holdings, Inc.) | 10-38656 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

*************************************************************************

**STIPULATION TO THE SUBMISSION AND ENTRY OF THIRD INTERIM ORDER (A) AUTHORIZING USE OF UNENCUMBERED CASH OR, IN THE ALTERNATIVE, CASH COLLATERAL AND (B) GRANTING ADEQUATE PROTECTION AND CONTINUING HEARING ON BANK OF AMERICA, NATIONAL ASSOCIATION'S MOTION TO CONVERT DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7**

*************************************************************************

The undersigned parties hereby stipulate and agree to the submission and entry of the Third Interim Order (A) Authorizing Use of Unencumbered Cash, or, in the Alternative, Cash Collateral and (B) Granting Adequate Protection, and Continuing Hearing on Bank of America, National Association's Motion to Convert Debtors' Chapter 11 Cases to Cases Under Chapter 7.

Dated: December 29, 2010

{2522927:3}

| | |
|---|---|
| FREDRIKSON & BYRON, P.A. | McDONALD HOPKINS LLC |
| /s/ _____ | |
| Clinton E. Cutler (#158094) | Shawn M. Riley (OH 0037235) |
| Douglas W. Kassebaum (#386802) | Scott N. Opincar (OH 0064027) |
| 200 South Sixth Street, Suite 4000 | Michael J. Kaczka (OH 0076548) |
| Minneapolis, MN 55402 | 600 Superior Avenue, East, Suite 2100 |
| Phone (612) 492-7000 | Cleveland, OH 44114-2653 |
| Fax (612) 492-7077 | Phone (216) 348-5400 |
| ccutler@fredlaw.com | Fax (216) 348-5474 |
| dkassebaum@fredlaw.com | sriley@mcdonaldhopkins.com |
| | sopincar@mcdonaldhopkins.com |
| | mkaczka@mcdonaldhopkins.com |

CO-COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

- and –

| | |
|---|---|
| RICKE & SWEENEY, P.A. | ALSTON + BIRD LLP |
| /s/ _____ | Jonathan T. Edwards (GA 134100) |
| Larry B. Ricke (121800) | 1201 West Peachtree Street |
| Degree of Honor Building, Suite 600 | One Atlantic Center |
| 325 Cedar Street | Atlanta, GA 20209-2424 |
| Saint Paul, MN 55101 | Telephone: 404-881-4985 |
| Telephone: 651-223-8000 | E-mail: jonathan.edwards@alston.com |
| Facsimile: 651-223-8003 | |
| E-mail: rickel@srsg.net | |

ATTORNEYS FOR MEADOWBROOK
MEAT COMPANY d/b/a MBM CORP.

- and

| | |
|---|---|
| FAEGRE & BENSON | MORGAN LEWIS & BOCKIUS, LLP |
| /s/ _____ | |
| Stephen M. Mertz (#212131) | Jonathan K. Bernstein |
| Michael F. Doty (#0388303) | 225 Franklin Street, 16th Floor |
| Christopher J. Harayda (#0390333) | Boston, MA 02110-4104 |
| 2200 Wells Fargo Center | Telephone: 617-341-7760 |
| 90 South Seventh Street | Facsimile: 617-341-7701 |
| Minneapolis, MN 55402 | |
| Telephone: 612-766-7000 | |
| Facsimile: 612-766-1600 | |

ATTORNEYS FOR BANK OF AMERICA,
N.A.

| | |
|---|---|
| FREDRIKSON & BYRON, P.A. | McDONALD HOPKINS LLC |
| | |
| Clinton E. Cutler (#158094) <br> Douglas W. Kassebaum (#386802) <br> 200 South Sixth Street, Suite 4000 <br> Minneapolis, MN 55402 <br> Phone (612) 492-7000 <br> Fax (612) 492-7077 <br> ccutler@fredlaw.com <br> dkassebaum@fredlaw.com <br><br> CO-COUNSEL FOR DEBTORS <br> AND DEBTORS IN POSSESSION | Shawn M. Riley (OH 0037235) <br> Scott N. Opincar (OH 0064027) <br> Michael J. Kaczka (OH 0076548) <br> 600 Superior Avenue, East, Suite 2100 <br> Cleveland, OH 44114-2653 <br> Phone (216) 348-5400 <br> Fax (216) 348-5474 <br> sriley@mcdonaldhopkins.com <br> sopincar@mcdonaldhopkins.com <br> mkaczka@mcdonaldhopkins.com |

- and –

| | |
|---|---|
| RICKE & SWEENEY, P.A. <br><br> /s/ _____ <br> Larry B. Ricke (121800) <br> James C. Brand (387362) <br> Degree of Honor Building, Suite 600 <br> 325 Cedar Street <br> Saint Paul, MN 55101 <br> Telephone: 651-223-8000 <br> Facsimile: 651-223-8003 <br> E-mail: rickel@srsg.net <br><br> ATTORNEYS FOR MEADOWBROOK <br> MEAT COMPANY d/b/a MBM CORP. | ALSTON + BIRD LLP <br><br> Jonathan T. Edwards (GA 134100) <br> 1201 West Peachtree Street <br> One Atlantic Center <br> Atlanta, GA 20209-2424 <br> Telephone: 404-881-4985 <br> E-mail: jonathan.edwards@alston.com |

- and

| | |
|---|---|
| FAEGRE & BENSON <br><br> /s/ _____ <br> Stephen M. Mertz (#212131) <br> Michael F. Doty (#0388303) <br> Christopher J. Harayda (#0390333) <br> 2200 Wells Fargo Center <br> 90 South Seventh Street <br> Minneapolis, MN 55402 <br> Telephone: 612-766-7000 <br> Facsimile: 612-766-1600 <br><br> ATTORNEYS FOR BANK OF AMERICA, <br> N.A. | MORGAN LEWIS & BOCKIUS, LLP <br><br> Jonathan K. Bernstein <br> 225 Franklin Street, 16th Floor <br> Boston, MA 02110-4104 <br> Telephone: 617-341-7760 <br> Facsimile: 617-341-7701 |

| | |
|---|---|
| FREDRIKSON & BYRON, P.A. | McDONALD HOPKINS LLC |
| _____<br>Clinton E. Cutler (#158094)<br>Douglas W. Kassebaum (#386802)<br>200 South Sixth Street, Suite 4000<br>Minneapolis, MN 55402<br>Phone (612) 492-7000<br>Fax (612) 492-7077<br>ccutler@fredlaw.com<br>dkassebaum@fredlaw.com<br><br>CO-COUNSEL FOR DEBTORS<br>AND DEBTORS IN POSSESSION | Shawn M. Riley (OH 0037235)<br>Scott N. Opincar (OH 0064027)<br>Michael J. Kaczka (OH 0076548)<br>600 Superior Avenue, East, Suite 2100<br>Cleveland, OH 44114-2653<br>Phone (216) 348-5400<br>Fax (216) 348-5474<br>sriley@mcdonaldhopkins.com<br>sopincar@mcdonaldhopkins.com<br>mkaczka@mcdonaldhopkins.com |

- and –

| | |
|---|---|
| RICKE & SWEENEY, P.A. | ALSTON + BIRD LLP |
| /s/_____<br>Larry B. Ricke (121800)<br>James C. Brand (387362)<br>Degree of Honor Building, Suite 600<br>325 Cedar Street<br>Saint Paul, MN 55101<br>Telephone: 651-223-8000<br>Facsimile: 651-223-8003<br>E-mail: rickel@srsg.net<br><br>ATTORNEYS FOR MEADOWBROOK MEAT<br>COMPANY d/b/a MBM CORP. | Jonathan T. Edwards (GA 134100)<br>1201 West Peachtree Street<br>One Atlantic Center<br>Atlanta, GA 20209-2424<br>Telephone: 404-881-4985<br>E-mail: jonathan.edwards@alston.com |

- and

| | |
|---|---|
| FAEGRE & BENSON | MORGAN LEWIS & BOCKIUS, LLP |
| /s/ _____<br>Stephen M. Mertz (#212131)<br>Michael F. Doty (#0388303)<br>Christopher J. Harayda (#0390333)<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>Telephone: 612-766-7000<br>Facsimile: 612-766-1600<br><br>ATTORNEYS FOR BANK OF AMERICA, N.A. | Jonathan K. Bernstein<br>225 Franklin Street, 16th Floor<br>Boston, MA 02110-4104<br>Telephone: 617-341-7760<br>Facsimile: 617-341-7701 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

*************************************************************************

In re:                                              JOINTLY ADMINISTERED UNDER
                                                        CASE NO. 10-38652

DUKE AND KING ACQUISITION CORP.,                    Court File No. 10-38652

                    Debtors.
                                                    Court File Nos:
(includes:
Duke and King Missouri, LLC;                        10-38653 (GFK)
Duke and King Missouri Holdings, Inc.;              10-38654 (GFK)
Duke and King Real Estate, LLC;                     10-38655 (GFK)
DK Florida Holdings, Inc.)                          10-38656 (GFK)

                                                    Chapter 11 Cases
                                                    Judge Gregory F. Kishel

*************************************************************************

**THIRD INTERIM ORDER (A) AUTHORIZING USE OF UNENCUMBERED CASH OR, IN THE ALTERNATIVE, CASH COLLATERAL AND (B) GRANTING ADEQUATE PROTECTION AND CONTINUING HEARING ON BANK OF AMERICA, NATIONAL ASSOCIATION'S MOTION TO CONVERT DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7**

*************************************************************************

These cases came before the court on the Debtors' Motion for (I) Expedited Relief, and (II) Interim and Final Orders (A) Authorizing Debtors' Use of Unencumbered Cash or, in the Alternative, Cash Collateral and (B) Granting Adequate Protection dated December 4, 2010 (the "Motion"); and Bank of America, National Association's ("BofA") Motion to Convert Debtors' Chapter 11 Cases to Cases Under Chapter 7 dated December 20, 2010 (the "Conversion Motion"). Capitalized terms used, but not otherwise defined herein, have the meanings given to them in the Motion. Appearances were noted on the record.

Based on the arguments of counsel and the documents of records herein, the Court being fully advised in the premises, and after due deliberation and consideration and sufficient cause appearing therefor,

{2522927:3}

**THE COURT FINDS AND CONCLUDES THAT:**

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the District of Minnesota pursuant to 28 U.S.C. § 157. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Notice of the Motion and the Interim Hearing was sufficient under the circumstances and constitutes due and sufficient notice thereof.

C. Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtors have retained possession of their assets and are authorized to continue the operations and management of their businesses as debtors in possession.

D. No official committee of unsecured creditors has been appointed in the chapter 11 cases and no request has been made for appointment of a trustee or examiner.

E. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

F. The Debtors' use of cash and other assets is necessary to the continued viability of the Debtors' businesses.

G. The Debtors assert that BofA, Warren Capital Corporation, the Coca-Cola Company, Duke Manufacturing Company and/or Meadowbrook Meat Company, Inc. ("MBM," and collectively, the "Secured Creditors") have a lien on or security interests in certain non-cash assets of the Debtors, but have no interest in, or lien on, the Debtors' cash. BofA and MBM assert that the Debtors' cash is cash collateral, the use of which requires their consent or an order of the Court. The Court makes no finding on the issue for purposes of this Third Interim Order. Rather, to the extent the Debtors' cash is cash collateral, the Debtors' use of such cash is, as set forth below, authorized and approved on an interim basis.

H.      As of December 1, 2010, according to the books and records of the Debtors the BofA Borrowers' outstanding obligations to BofA under the BofA Notes total approximately: (a) $9,247,144 in principal on Term Loan A, plus accrued interest and late charges in an amount to be determined; (b) $0.00 on Term Loan B; (c) $1,655,283 in principal on Term Loan C, plus accrued interest in an amount to be determined; and (d) $24,037 in principal, $280.60 in interest and $272.19 in late charges on the Acquisition Note.  Term Loan D is paid in full.  In addition, D&K Acquisition and BofA are parties to an ISDA Master Agreement and Schedule dated November 10, 2006, pursuant to which D&K Acquisition and BofA have entered into three swap transactions, as evidenced by a Confirmation dated as of March 2, 2007, and two Confirmations dated as of March 6, 2007.

I.      BofA is asserting a lien on the assets set forth on <u>Exhibit B</u> to the Motion.  MBM is asserting a purchase money security interest and lien on the Debtors' inventory and the products and proceeds thereof.

J.      The Debtors have proposed to provide adequate protection to BofA and MBM for the use of (i) those assets of the Debtors that are collateral of BofA or MBM, and (ii) cash, but only if, and to the extent, the Court later determines that the Debtors' cash is cash collateral of BofA or MBM.  The Court makes no determination as to the priority, validity or extent of any lien asserted by the Secured Creditors, or the right of the Secured Creditors to adequate protection.

K.      The evidence presented at the hearing substantiates the Debtors' request for use of cash and other assets consistent with this Third Interim Order.

L.      The Debtors have agreed to file a Motion to Approve Bid and Sale Procedures (the "Sale Motion") that is acceptable to BofA by no later than January 7, 2011.  The Sale Motion will seek final approval of procedures for the sale of all or substantially all of the

Debtors' restaurants. The Debtors will seek Court approval to set the hearing on the Sale Motion for January 24, 2011.

M.  The Debtors and BofA agree that it is in the interests of all parties to waive the 30-day hearing requirement provided for by 11 U.S.C. § 1112(b)(3), and continue the hearing on the Conversion Motion until January 24, 2011. Upon the filing of the Sale Motion, BofA shall withdraw the Conversion Motion.

N.  The parties hereto agree to refrain from proceeding with discovery with respect to the Motion or the Conversion Motion until on or after January 7, 2011.

**IT IS HEREBY ORDERED THAT:**

1.  Subject to the terms of this Third Interim Order, the Debtors shall be, and hereby are, authorized to use the cash generated by the operation of their businesses to continue to operate their businesses in the ordinary course of business through January 28, 2011, consistent with the Budget attached to this Third Interim Order as Exhibit 1. The Debtors may use such cash: (a) to pay all of the expenses set forth in the attached Budget up to amounts budgeted, provided, however, that the Debtors may, if necessary, exceed certain respective line item amounts in the Budget by the following variances: payroll (7%), food vendors (excluding bread) (10%), A/P ordinary course checks (7%), rent (7%), sales taxes (10%), employee benefits (7%), real estate/property taxes (7%), and A/P ordinary course – wires (7%); and (b) to make those payments that the Debtors are authorized to make pursuant to other orders of the Court, including allowed amounts due to or on account of prepetition wages and employee benefits, taxes and fees, critical vendors, and customer obligations.

2.  It shall be an event of default under this order if the total of the Debtors' cash, inventory, and accounts receivable at the end of the day on any of the following dates shall be less than $1,868,000: December 17, 2010, December 24, 2010, December 31, 2010, January 7,

2011, January 14, 2011, January 21, 2011 and January 28, 2011. By no later than the end of the day on Wednesday of each week beginning December 22, 2010, the Debtors shall deliver a report to BofA showing the Debtors' inventory, accounts receivable and cash balances as of the end of the day on the previous Friday. Upon the occurrence of an event of default, BofA may send a notice of default to the Debtors. If the Debtors are unable to cure the default within 3 days after the date that the Debtors received the notice of default by showing that the total of the Debtors' cash, inventory, and accounts receivable has increased to at least $1,868,000, the Debtors' right to use cash under this order shall terminate. The Debtors will use their best efforts to modify their financial reporting systems to allow the Debtors to report inventory on a weekly basis as soon as possible. Until the Debtors can report actual inventory levels on a weekly basis, the Debtors will report weekly inventory as follows. For the weeks ending December 17 and December 24, 2010, the Debtors will report weekly inventory as $810,000. For the weeks ending December 31, 2010, January 7, 2011, January 14, 2011, January 21, 2011, and January 28, 2011, the Debtors will report weekly inventory at the actual December 31, 2010, inventory levels.

3. Subject to sections 361 and 363 of the Bankruptcy Code, as adequate protection for the Debtors' use of BofA's and MBM's alleged collateral, (a) BofA and MBM are hereby granted replacement liens, pursuant to 11 U.S.C. §§ 361(2) and 552, in the Debtors' postpetition assets of the same type and nature as those assets subject to the prepetition liens of BofA and MBM (collectively, the "Replacement Liens"); provided, however, that any and all such Replacement Liens shall have the same nature, character, validity, priority, dignity, extent and effect as the liens of BofA and MBM, if any, in such collateral prior to the Petition Date and shall be without prejudice to the rights of the Debtors or any other party in interest to challenge the nature, character, validity, priority, dignity, extent and effect of any such liens or commence

any proceeding under the Bankruptcy Code seeking a determination with respect thereto or seeking to avoid or set aside any such liens or any defenses of the Secured Lenders thereto; and <u>provided</u> <u>further</u> <u>that</u> such Replacement Liens shall specifically exclude all actions under chapter 5 of the Bankruptcy Code and the proceeds thereof; and (b) BofA is hereby granted the right to receive copies of regular financial or operating reports, including those filed with the Office of the U.S. Trustee.

4. Nothing in this Third Interim Order shall operate to waive any of the Debtors' rights to contest the rights of the Secured Creditors to receive adequate protection.

5. Any Replacement Liens granted to BofA or MBM shall be limited to the diminution in the value of BofA's or MBM's collateral.

6. Subject to the other provisions of this Third Interim Order, the Replacement Liens granted herein shall be valid and fully perfected without any further action by the Debtors, BofA, or MBM and without the execution or the recordation of any financing statements, security agreements, mortgages or other documents. Notwithstanding the foregoing, BofA and MBM are hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, account control agreements, notices of lien or similar instruments in any jurisdiction or take any other action in order to validate and perfect the Replacement Liens granted to them hereunder.

7. The provisions of this Third Interim Order, as well as the Replacement Liens and security interests granted herein, shall continue in this and any subsequent case under the Bankruptcy Code. The Replacement Liens and security interests shall maintain their priority as provided in this Third Interim Order, until the indebtedness of the Debtors to BofA or MBM has been completely paid and satisfied, unless otherwise ordered by the Court.

8. This Third Interim Order is without prejudice to the rights of the parties to seek any further or different relief, or modification of relief for use of cash or cash collateral for the period after the interim period covered by this order, including, but not limited to, relief from the automatic stay.

9. Except as expressly provided herein, the rights, claims, and interests of the Debtors, Secured Creditors, and all other parties in interest are hereby preserved.

10. The Final Hearing and the hearing on the Conversion Motion (the "Conversion Motion Hearing"), unless the Conversion Motion is withdrawn by BofA as set in paragraph M above, are scheduled for January 24, 2011, at 9:30 a.m. (Central Time) before the Court and will be convened and conducted as evidentiary hearings. In the event the parties are unable to complete their evidentiary presentations at the time allotted to the hearing, the Court will schedule such additional hearings as the Court deems necessary to complete the evidentiary presentations.

11. No later than January 18, 2011, the Debtors, BofA, and MBM shall file written designations of the witnesses they intend to call at the Final Hearing and the Conversion Motion Hearing (unless the Conversion Motion is withdrawn by BofA as set in paragraph M above), together with detailed recitations of the subject matter as to which they will testify.

12. No later than January 19, 2011, counsel for the Debtors, BofA, and MBM shall file all remaining briefing going to the issues raised by BofA in the Conversion Motion (unless the Conversion Motion is withdrawn by BofA as set in paragraph M above) and by the Debtors in the Motion and BofA in its response to the Motion.

13. No later than January 7, 2011, the Debtors shall file and serve the Sale Motion.

14. Nothing in this Third Interim Order shall limit the right of any party, other than BofA, to object to the Sale Motion.

15. Unless the Conversion Motion is withdrawn by BofA as set in paragraph M above, the January 10, 2011, hearing on the Conversion Motion is adjourned until the Final Hearing.

16. The Debtors shall promptly serve copies of this Third Interim Order in accordance with the local rules applicable to methods of service of motions (which shall constitute adequate notice of the Final Hearing) to the parties having been given notice of the Interim Hearing, and to any other party that has filed a request for notices with the Court and to any Statutory Committee after the same has been appointed, or such Statutory Committee's counsel, if the same shall have been appointed, and the Internal Revenue Service. Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections, which objections shall be served upon the parties in interest entitled to receive such objection under Local Rule 9013-(3)(b), including (a) McDonald Hopkins, LLC, 600 Superior Avenue, East, Suite 2100 Cleveland, OH 44114-2653, Attention Scott N. Opincar (sopincar@mcdonaldhopkins.com) (facsimile: 216-348-5474), Fredrikson & Byron, P.A., 200 S. 6th St., Suite 4000, Minneapolis, MN 55402, Attention: Clinton E. Cutler (ccutler@fredlaw.com) (facsimile: 612-492-7077), attorneys for the Debtors; (b) Faegre & Benson, LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402-3901, Attention: Stephen M. Mertz (smertz@faegre.com) (facsimile: 612-766-1600), Morgan, Lewis & Bockius LLP, 225 Franklin Street, Boston, Massachusetts 02110, Attention: Jonathan K. Bernstein (jbernstein@morganlewis.com) (facsimile 617-341-7701) and Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York, 10178, Attention: Wendy S. Walker (wwalker@morganlewis.com) (facsimile 212-309-6001), attorneys for Bank of America, N.A.; (c) Genovese Joblove & Battista, P.A., 100 Southeast Second Street, 44th Floor, Miami, Florida 33131, Attention: Paul J. Battista (pbattista@gjb-law.com) (facsimile: 305-349-2310) attorneys

for Burger King Corporation; (d) Alston + Bird LLP, 1201 West Peachtree Street, One Atlantic Center, Atlanta, GA 20209, Attention: Jonathan Edwards (jonathan.edwards@alston.com) (facsimile: 404-253-8235) and Ricke & Sweeney, P.A., Degree of Honor Building, Suite 600, 325 Cedar Street Saint Paul, MN 55101, Attention: Larry B. Ricke (rickel@srsg.net) (facsimile: 651-223-8003); and (e) the Office of the United States Trustee for the District of Minnesota, and shall be filed with the Clerk of the United States Bankruptcy Court for the District of Minnesota, in each case to allow actual receipt by the foregoing no later than January 19, 2011.

17. The provisions of the Order Re: Final Hearing on Motion of Debtors for Authority to Use Cash Collateral, entered on December 9, 2010, are superseded by this Third Interim Order.

18. The Court has and will retain jurisdiction to enforce this Third Interim Order according to its terms.

Dated: _____, 201__                  _____
                                                Gregory F. Kishel
                                                United States Bankruptcy Judge

# EXHIBIT 1

# BUDGET

**Duke & King**
**Weekly Cash Flow Forecast**
**DIP Analysis**
**Dollars In Actuals**

| | Filing | Post - Petition --> | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Week | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 8 Week |
| Date | 12/3/10 | 12/10/10 | 12/17/10 | 12/24/10 | 12/31/10 | 1/7/11 | 1/14/11 | 1/21/11 | 1/28/11 | Total |
| **Beginning Book** | | 396,774 | 489,253 | 420,682 | 638,580 | 536,424 | 393,402 | 187,149 | 415,114 | 396,774 |
| **Receipts:** | | | | | | | | | | |
| Sales | | 1,706,794 | 1,706,794 | 1,706,794 | 1,706,794 | 1,649,085 | 1,695,540 | 1,695,540 | 1,695,540 | 13,562,884 |
| Management Fees | | - | 12,000 | - | 50,000 | - | 12,000 | - | 50,000 | 124,000 |
| Other Deposits | | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 332,500 | 385,000 |
| **Total Credits** | | 1,714,294 | 1,726,294 | 1,714,294 | 1,764,294 | 1,656,585 | 1,715,040 | 1,703,040 | 2,078,040 | 14,071,884 |
| **Operating Disbursements:** | | | | | | | | | | |
| Payroll | | 605,000 | 610,000 | 570,054 | 615,740 | 545,054 | 570,740 | 540,054 | 585,740 | 4,642,383 |
| Food Vendors (Excl Bread) | | 560,000 | 560,000 | 531,372 | 531,372 | 501,372 | 501,372 | 509,484 | 509,484 | 4,204,457 |
| AP Ordinary Course Checks | | 175,673 | 204,750 | 204,750 | 204,750 | 222,923 | 203,538 | 222,923 | 222,923 | 1,662,231 |
| Rent | | - | - | - | 449,137 | 192,643 | 125,000 | - | - | 766,780 |
| Sales Taxes | | 48,269 | 288,269 | 138,269 | 29,000 | 36,164 | 296,164 | 151,164 | 53,163 | 1,040,463 |
| Royalty / Advertising To BK | | 25,000 | - | - | - | - | 25,000 | - | - | 50,000 |
| Employee Benefits | | 145,000 | 54,000 | 18,105 | 2,605 | 87,605 | 137,605 | 22,605 | 2,605 | 470,129 |
| Real Estate/ Property Taxes | | - | 35,000 | - | - | - | - | - | 256,873 | 291,873 |
| Capital Expenditures | | - | - | - | - | - | - | - | - | - |
| Banking Fees | | - | 9,000 | - | - | - | 9,000 | - | - | 18,000 |
| AP Ordinary Course - Wires | | 38,846 | 33,846 | 33,846 | 33,846 | 28,846 | 28,846 | 28,846 | 28,846 | 255,769 |
| Total Operating Disbursements | | 1,597,788 | 1,794,865 | 1,496,397 | 1,866,450 | 1,614,608 | 1,897,266 | 1,475,076 | 1,659,634 | 13,402,085 |
| **Professional Fees:** | | | | | | | | | | |
| Financial Advisors | | - | - | - | - | - | - | - | 128,000 | 128,000 |
| Legal Counsel | | - | - | - | - | - | - | - | 128,000 | 128,000 |
| Local Counsel | | - | - | - | - | - | - | - | 32,000 | 32,000 |
| Bank Advisors [1] | | - | - | - | - | - | - | - | - | - |
| Bank Counsel [1] | | - | - | - | - | - | - | - | - | - |
| Committee Advisors | | - | - | - | - | - | - | - | - | - |
| US Trustee | | - | - | - | - | 10,000 | - | - | - | 10,000 |
| Investment Banker | | - | - | - | - | - | - | - | 11,000 | 11,000 |
| Total Professional Fees | | - | - | - | - | 10,000 | - | - | 299,000 | 309,000 |
| **Non-Operating Disbursements:** | | | | | | | | | | |
| Utility Deposits | | - | - | - | - | 175,000 | - | - | - | 175,000 |
| Bank of America - Interest / SWAP | | - | - | - | - | - | - | - | - | - |
| Bank of America - Principal | | - | - | - | - | - | - | - | - | - |
| Warren Capital - Broilers | | 24,027 | - | - | - | - | 24,027 | - | - | 48,054 |
| Total Non-Op Disbursements | | 24,027 | - | - | - | 175,000 | 24,027 | - | - | 223,054 |
| **Total Disbursements** | | 1,621,815 | 1,794,865 | 1,496,397 | 1,866,450 | 1,799,608 | 1,921,293 | 1,475,076 | 1,958,634 | 13,934,139 |
| **Ending Book Balance** | 396,774 | 489,253 | 420,682 | 638,580 | 536,424 | 393,402 | 187,149 | 415,114 | 534,520 | 534,520 |

**Notes:**
1) Bank advisor fees to be determined

| **Collateral Position:** | | | | | | | | | | Change |
|---|---|---|---|---|---|---|---|---|---|---|
| A/R Balance | 150,000 | 150,000 | 150,000 | 150,000 | 150,000 | 150,000 | 150,000 | 150,000 | 150,000 | - |
| AR - BD & Popeyes | 62,500 | 62,500 | 62,500 | 62,500 | 62,500 | 62,500 | 62,500 | 62,500 | 62,500 | - |
| A/R Rebates - RSI | 364,280 | 372,350 | 380,420 | 388,490 | 396,560 | 404,630 | 412,700 | 420,770 | 103,840 | 56,490 |
| A/R Rebates - Coke & Dr. Pepper | 244,764 | 274,100 | 303,437 | 332,773 | 362,110 | 389,918 | 417,726 | 445,534 | 473,342 | 200,771 |
| Inventory | 850,000 | 810,000 | 810,000 | 810,000 | 810,000 | 810,000 | 810,000 | 810,000 | 810,000 | (40,000) |
| Total | 1,671,544 | 1,668,950 | 1,706,357 | 1,743,763 | 1,781,170 | 1,817,048 | 1,852,926 | 1,888,804 | 1,599,682 | 217,261 |

| **Sr Debt:** | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Term Loan A | 9,247,144 | 9,247,144 | 9,247,144 | 9,247,144 | 9,247,144 | 9,247,144 | 9,247,144 | 9,247,144 | 9,247,145 | - |
| Term Loan C | 1,655,283 | 1,655,283 | 1,655,283 | 1,655,283 | 1,655,283 | 1,655,283 | 1,655,283 | 1,655,283 | 1,655,284 | - |
| Acquisition Note | 24,031 | 24,031 | 24,031 | 24,031 | 24,031 | 24,031 | 24,031 | 24,031 | 24,032 | - |
| | 10,926,458 | 10,926,458 | 10,926,458 | 10,926,458 | 10,926,458 | 10,926,458 | 10,926,458 | 10,926,458 | 10,926,461 | - |