UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                          JOINTLY ADMINISTERED UNDER
                                                CASE NO. 10-38652

DUKE AND KING ACQUISITION CORP.,                Court File No. 10-38652 (GFK)

   Debtors.

Includes:
Duke and King Missouri, LLC                     10-38653
Duke and King Missouri Holdings, Inc.           10-38654
Duke and King Real Estate, LLC                  10-38655
Duke and King Florida Holdings, Inc.            10-38656

---

APPLICATION FOR ORDER AUTHORIZING OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY
FREEBORN & PETERS LLP AS LEAD COUNSEL

---

The Official Committee of Unsecured Creditors (the "*Committee*") of Duke and King Acquisition Corp. and its affiliated debtor entities (collectively, the "*Debtors*"), by and through its undersigned proposed counsel, hereby requests (the "*Application*") the entry of an order pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Local 2014-1 authorizing the Committee to retain and employ the law firm of Freeborn & Peters LLP ("*F&P*") as counsel for the Committee, effective as of December 31, 2010 (the "*Retention Date*"). In support of this Application, the Committee submits the Affidavit of Richard S. Lauter (the "*Lauter Affidavit*"), which is attached hereto as <u>Exhibit A</u>, and further represents as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.  On December 4, 2010 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota (collectively, the "*Cases*").

4.  The Debtors maintain possession of their property and are operating and managing their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.  On December 8, 2010, the Court ordered the joint administration of the Cases.

6.  On December 29, 2010, the Office of the United States Trustee (the "*U.S. Trustee*") appointed the Committee as an official committee to represent the interests of unsecured creditors of the Debtors pursuant to section 1102 of the Bankruptcy Code. The U.S. Trustee filed formal notice with the Court reflecting such appointment on that same date. On December 31, 2010, the Committee selected F&P as its counsel.

7.  The Committee is comprised of the following unsecured creditors:

| Members | Representative |
|---|---|
| The Coca-Cola Corporation (Chair) | William Kaye |
| K-Two, LLC | Kathleen Kahn |
| Gilbert Mechanical Contractors | Ed Dahlgren |
| P&C Rentals Partnership LLP | Paul R. Blaske |
| Wakefield LLC | Julie Oanh T. Nguyen |

## Relief Requested

8.  By this Application, the Committee seeks to employ and retain F&P as its counsel, effective as of the Retention Date. Accordingly, the Committee respectfully requests that the Court enter an Order in the form attached hereto, pursuant to sections 328(a) and 1103(a)

2

of the Bankruptcy Code and Bankruptcy Rule 2014(a), authorizing the Committee to employ and retain F&P as their attorneys to perform legal services that will be necessary during the chapter 11 cases.

9. Pursuant to section 328(a) of the Bankruptcy Code, the Committee requests that the Court approve the retention of F&P on the terms and conditions set forth herein and in the Lauter Affidavit, which, *inter alia*, provide that F&P will be compensated in accordance with F&P's normal hourly rates in effect when services are rendered and normal reimbursement policies.

## Basis for Relief Requested

10. The Committee has selected F&P as its counsel because of the firm's extensive experience and knowledge in the fields of corporate reorganization and bankruptcy law. Additionally, F&P is a law firm with an extremely broad-based practice including substantial expertise in the many areas of the law that may arise in these cases. Accordingly, F&P submits that it possesses the requisite expertise and background to represent the Committee in these bankruptcy cases.

## Services to be Rendered

The Committee contemplates that F&P will provide a full range of services to the Committee in the course of this case, including:

    a.    advising the Committee on all legal issues as they arise;

    b.    representing and advising the Committee regarding the terms of any sales of assets or plans of reorganization or liquidation, and assisting the Committee in negotiations with the Debtors and other parties;

    c.    investigating the Debtors' assets and pre-bankruptcy conduct;

    d.    analyzing the perfection and priority of the liens of the Debtors' secured creditors;

    e.    preparing, on behalf of the Committee, all necessary pleadings, reports, and other papers;

    f.    representing and advising the Committee in all proceedings in this case;

    g.    assisting and advising the Committee in its administration; and

    h.    providing such other services as are customarily provided by counsel to a creditors' committee in cases of this kind.

**Proposed Compensation**

11.    Pursuant to section 328(a) of the Bankruptcy Code, the Court may approve F&P's retention on any reasonable terms. The Committee submits that the most reasonable terms and conditions are those agreed upon by F&P and the Committee, which are substantially similar to those entered into between F&P and other clients on a daily basis in a competitive market for legal services. Subject to the Court's approval, F&P will charge for its legal services on an hourly basis in accordance with its standard hourly rates in effect on the date that services are rendered. The billing rates for F&P attorneys for the 2011 calendar year range from approximately $250 per hour for new associates to $735 per hour for senior partners. Time devoted by paraprofessionals for the 2011 calendar year are charged at billing rates ranging from $205 to $250 per hour.

12.    The hourly rates for the F&P professionals presently expected to have primary responsibility for these cases are as follows: (i) Aaron L. Hammer (Partner) - $625/hour; (ii) Richard S. Lauter (Partner) - $575/hour; (iii) Devon J. Eggert (Associate) - $310/hour; and (iv) Michael A. Brandess (Associate) - $250/hour. In addition, from time to time, it may be necessary for other F&P professionals to provide services to the Committee. In all appropriate circumstances, F&P will employ the services of junior professionals in order to minimize administrative expenses to the estates.

4

13. The Committee also has agreed to reimburse F&P, subject to the Court's approval, for all actual out-of-pocket expenses incurred by F&P on the Committee's behalf, such as filing fees, document reproduction, long distance telephone and telecopier charges, mail and express mail charges, travel expenses, overnight courier expenses, computer research, expenses for "working meals," transcription costs, and other disbursements. F&P will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to F&P's other clients. F&P will make every effort to minimize expenses in these chapter 11 cases.

14. F&P will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above by category and nature of the services rendered.

15. The Committee understands that F&P intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-1, further orders of this Court and the guidelines established by the Office of the United States Trustee for all services performed and expenses incurred on or after the Retention Date.

16. In accordance with paragraph 9 of this Court's Instructions for Filing a Chapter 11 Case, the Committee further requests that (a) F&P be authorized to schedule a hearing on its applications for compensation every ninety (90) days, (b) F&P be authorized to submit regular monthly bills to the Debtors, with copies to counsel for the Debtors and the U.S. Trustee, and (c) the Debtors be authorized to pay up to 80% of fees and 100% of expenses set forth in the monthly bills, subject to later Court approval.

5

**Disinterestedness**

17.     To the best of F&P's information, knowledge and belief, and except as disclosed in the Lauter Affidavit, F&P does not hold or represent any interest adverse to the Committee or the creditors of the estates. F&P may, however, have represented or may currently represent several of the Debtors' creditors or parties in interest in connection with matters unrelated to these chapter 11 cases.

18.     As set forth in the Lauter Affidavit, F&P has no agreement with any other entity to share any compensation received. Accordingly, F&P is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code as of the Bankruptcy Code, and F&P's employment is necessary and in the best interests of the Committee.

**Retroactive Relief**

19.     The Committee is requesting that this Application be approved retroactively to December 31, 2010 – the date the Committee selected F&P as its counsel. Courts within the Eighth Circuit may grant retroactive relief under appropriate circumstances. *See Lavender v. Wood Law Firm*, 785 F.2d 247, 248 (8th Cir. 1985). Here, the Committee submits that retroactive relief is appropriate because (a) the Application is being submitted within [__] days of the Committee's selection of F&P as its counsel; and (b) the status of the chapter 11 cases required F&P to immediately commence work for the Committee.

**Notice**

16.     Notice of this Application has been provided to: (a) the Office of the U.S. Trustee for the District of Minnesota; (b) all members of the Committee; (c) the Debtors and their counsel; (d) counsel to the Debtors' secured lenders; and (e) all entities that have filed a request

6

for service of filings pursuant to Bankruptcy Rule 2002 in these cases.  In light of the nature of the relief requested, the Committee submits that no other or further notice is necessary.

WHEREFORE, the Committee respectfully requests that the Court: (a) authorize the Committee, pursuant to sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ F&P in accordance with the terms hereof, retroactive to December 31, 2010; and (b) grant such other and further relief as the Court deems just and proper.

Dated:  January 5, 2011

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF DUKE AND KING ACQUISITION CORP.,** *ET AL.*

By:  /s/Aaron L. Hammer
      One of Its Proposed Attorneys

Aaron L. Hammer, Esq.*
Richard S. Lauter, Esq.*
FREEBORN & PETERS LLP
311 South Wacker Drive, Ste. 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:  312.360.6995

* *Pro hac vice application pending*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | **JOINTLY ADMINISTERED UNDER CASE NO. 10-38652** |
| DUKE AND KING ACQUISITION CORP., | Court File No. 10-38652 (GFK) |
| Debtors. | |

Includes:
| | |
|---|---|
| Duke and King Missouri, LLC | 10-38653 |
| Duke and King Missouri Holdings, Inc. | 10-38654 |
| Duke and King Real Estate, LLC | 10-38655 |
| Duke and King Florida Holdings, Inc. | 10-38656 |

**DECLARATION OF RICHARD S. LAUTER ON BEHALF OF**
**FREEBORN & PETERS LLP, PROPOSED COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

I, Richard S. Lauter, an attorney, hereby declare under penalty of perjury as follows:

1. I am a partner in the Bankruptcy, Reorganization and Creditors' Rights Practice Group of the law firm of Freeborn & Peters LLP ("*F&P*"), located at 311 South Wacker Drive, Suite 3000, Chicago, Illinois 60606. In that capacity, I am authorized to submit this Declaration, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), in support of the *Application For Order Authorizing Official Committee of Unsecured Creditors to Retain and Employ Freeborn & Peters LLP as Counsel* (the "*Application*") in the jointly administered chapter 11 cases of Duke and King Acquisition Corp., and its affiliated debtor entities (collectively, the "*Debtors*").

2. I am an attorney duly licensed and authorized to practice law, and am a member in good standing, in the bars for the States of Illinois and Missouri, and before the U.S. Court of Appeals for the Seventh Circuit, the U.S. District Court for the Northern District of Illinois, the

U.S. District Court for the Eastern District of Wisconsin and U.S. District Court for the Western District of Missouri.

3. I make this Declaration from information derived from the business records of F&P. I will supplement this Declaration as required by Bankruptcy Rule 2014 if and when additional information becomes available concerning any relationship or connection between the Debtors, their creditors or interest holders, and F&P based on information that comes to my attention.

4. The Official Committee of Unsecured Creditors (the "*Committee*") appointed in the above-captioned cases desires to retain and employ F&P as its counsel, pursuant to sections 327(a) and 1103 of title 11 of the United States Code (the "*Bankruptcy Code*") and Bankruptcy Rule 2014. F&P has extensive experience and knowledge in the fields of corporate reorganization and bankruptcy law. Additionally, F&P is a law firm with an extremely broad-based practice including substantial expertise in the many areas of the law that may generate issues in this case. Accordingly, I believe F&P possesses the requisite expertise and background to handle matters that are likely to arise in these bankruptcy cases.

The Committee contemplates that F&P will provide a full range of services to the Committee in the course of this case, including:

      a. advising the Committee on all legal issues as they arise;

      b. representing and advising the Committee regarding the terms of any sales of assets or plans of reorganization or liquidation, and assisting the Committee in negotiations with the Debtors and other parties;

      c. investigating the Debtors' assets and pre-bankruptcy conduct;

      d. analyzing the perfection and priority of the liens of the Debtors' secured creditors;

e. preparing, on behalf of the Committee, all necessary pleadings, reports, and other papers;

f. representing and advising the Committee in all proceedings in this case;

g. assisting and advising the Committee in its administration; and

h. providing such other services as are customarily provided by counsel to a creditors' committee in cases of this kind.

**Rates to Be Charged by F&P**

6. Subject to the Court's approval, F&P will charge for its legal services on an hourly basis in accordance with its standard hourly rates in effect on the date that services are rendered. The billing rates for F&P attorneys as of the date of the Application range from approximately $250 per hour for new associates to $735 per hour for senior partners. The billing rates for F&P paraprofessionals range from approximately $205 to $250 per hour.

7. The hourly rates for the F&P professionals presently expected to have primary responsibility for these cases are as follows: (i) Aaron L. Hammer (Partner) - $625/hour; (ii) Richard S. Lauter (Partner) - $575/hour; (iii) Devon J. Eggert (Associate) - $310/hour; and (iv) Michael A. Brandess (Associate) - $250/hour. In addition, from time to time, it may be necessary for other F&P professionals to provide services to the Committee. In all appropriate circumstances, F&P will employ the services of junior professionals in order to minimize administrative expenses to the estates.

8. F&P will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services. F&P intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-1, further orders of this Court and the

guidelines established by the Office of the United States Trustee for all services performed and expenses incurred.

9. F&P understands that, notwithstanding any court-approved procedures for interim compensation and reimbursement of expenses, any and all compensation for legal services rendered and expenses incurred on behalf of the Committee during the above-captioned cases shall be subject to Court approval, after notice and hearing. F&P further understands that the sole source of such compensation shall be from the Debtors' bankruptcy estates.

### F&P is a "Disinterested Person" Under Section 101(14) of the Bankruptcy Code

10. Neither I, F&P, nor any partner or associate thereof, insofar as I have been able to ascertain and except as set forth below: (a) hold or represent any interest adverse to the Debtors or their estates, largest creditors, or equity security holders; or (b) represent any other entity in connection with these cases having an interest adverse to the Committee. Further, insofar as I have been able to ascertain, other than in connection with these cases, F&P has no connection (connection being defined as a familial or professional relationship) with the Debtors, their creditors, or any other party-in-interest herein, or their respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee, except as set forth below. Accordingly, I believe F&P is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

11. From time to time, F&P may have represented, may currently represent, or may in the future represent, certain of the Debtors' creditors and other parties-in-interest, or interests adverse to such creditors or parties in interest, in matters unrelated to these cases.

12. Specifically, in reaching this conclusion, my staff has searched F&P's computerized "conflicts" database for each of the following entities:

    a. the twenty largest unsecured creditors of the consolidated Debtors;

    b. each of the Debtors and their non-debtor affiliates;

    c. the Debtors' pre-petition secured lenders;

    d. each member of the Committee;

    e. certain non-debtor entities that are parties to executory contracts with the Debtors;

    f. parties involved in litigation with the Debtors; and

    g. certain other parties in interest.

13. I have been informed that F&P previously represented The Coca-Cola Company ("*Coca-Cola*") in matters wholly unrelated to the Debtors' chapter 11 cases. F&P, however, has not provided services to Coca-Cola since 2006, and total fees for services provided to Coca-Cola during 2006 accounted for substantially less than 1% of F&P's total revenues for that year.

14. I have been informed that a member of F&P, Jeffrey Mayer, previously represented Burger King Corporation ("*Burger King*") in matters wholly unrelated to the Debtors' chapter 11 cases prior to the time he joined F&P. Mr. Mayer was engaged by Burger King in connection with the defense of a franchisee in certain employment litigation in which Burger King was also a defendant. The franchisee was obligated to indemnify Burger King, and, accordingly, Mr. Mayer represented the franchisee and Burger King (as franchisor and a nominal defendant) in the litigation. Mr. Mayer believes he had ongoing obligations as counsel to Burger King when he joined F&P; however, such obligations ceased on or before 2003 and any revenue generated from services provided to Burger King was *de minimis*. F&P has subsequently been adverse to Burger King on numerous occasions, and F&P has no basis to believe that it will be retained by Burger King in the future.

15. As a result, upon reasonable inquiry and to the best of my knowledge, I have determined that F&P does not currently represent any of the above entities, or interests adverse to any of the above entities, in matters related to the Debtors' chapter 11 cases.

16. F&P is conducting a continuing inquiry to ascertain whether there exists any situation which would affect, or appear to affect, F&P's status as a "disinterested person." If additional disclosure is required, I will promptly file a supplemental declaration with this Court after this inquiry is completed.

17. Additionally, prior to the Committee's selection of F&P as its counsel, F&P sent written and electronic communications to certain of the Debtors' unsecured creditors, including members of the Committee, detailing the firm's credentials with respect to prior committee representations. All such communications were marked as "Advertising Material" in accordance with Rule 7.3 of Minnesota's Rules of Professional Conduct.

18. F&P has not entered into any arrangement to share any compensation that may be awarded by the Court, except as permitted under section 504(b) of the Bankruptcy Code. F&P further states, in accordance with Bankruptcy Rule 5002, that no attorney at F&P is a relative of the bankruptcy judge assigned to the Debtors' bankruptcy cases.

I state hereby under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 5, 2011

_____
Richard S. Lauter, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **JOINTLY ADMINISTERED UNDER CASE NO. 10-38652** |
| DUKE AND KING ACQUISITION CORP., | Court File No. 10-38652 (GFK) |
| Debtors. | |

Includes:
| | |
|---|---|
| Duke and King Missouri, LLC | 10-38653 |
| Duke and King Missouri Holdings, Inc. | 10-38654 |
| Duke and King Real Estate, LLC | 10-38655 |
| Duke and King Florida Holdings, Inc. | 10-38656 |

**ORDER APPROVING RETENTION AND EMPLOYMENT OF
FREEBORN & PETERS LLP AS COUNSEL TO THE
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

Upon the application (the "*Application*") of the Official Committee of Unsecured Creditors (the "*Committee*") in the above captioned jointly administered Chapter 11 cases to employ Freeborn & Peters LLP as counsel to the Committee; the Court finding that Freeborn & Peters LLP does not hold or represent an interest adverse to the estates and that they are disinterested within the meaning of 11 U.S.C. § 327(a); the Court further finding that notice of the Application was appropriate under the circumstances; and after due deliberation and sufficient cause appearing for the relief requested in the Application,

IT IS HEREBY ORDERED:

1. The Committee is authorized to employ Freeborn & Peters LLP as counsel to the Committee, effective as of January 31, 2010;

2. Fee applications of Freeborn & Peters LLP may be heard on 90-day intervals from the commencement of the Debtors' chapter 11 cases; and

3. The Debtors are authorized to pay monthly invoices of Freeborn & Peters LLP under the procedures in paragraph 9(c) of the Instructions for Filing a Chapter 11 Case, as adopted by this Court.

Dated:

_____
Honorable Gregory F. Kishel
United States Bankruptcy Judge