UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

*************************************************************************

In re:   JOINTLY ADMINISTERED UNDER
CASE NO. 10-38652

DUKE AND KING ACQUISITION CORP.,   Court File No. 10-38652

Debtors.

Court File Nos:

(includes:
Duke and King Missouri, LLC;   10-38653 (GFK)
Duke and King Missouri Holdings, Inc.;   10-38654 (GFK)
Duke and King Real Estate, LLC;   10-38655 (GFK)
DK Florida Holdings, Inc.)   10-38656 (GFK)

Chapter 11 Cases
Chief Judge Gregory F. Kishel

*************************************************************************

ORDER ESTABLISHING BAR DATE FOR FILING REQUESTS FOR
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND
APPROVING FORM AND NOTICE THEREOF

*************************************************************************

This matter came to be considered on the Debtors' Motion for an Order (I) Granting Expedited Relief and (II) Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims and Approving Form and Notice Thereof (the "Motion") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which matter has been referenced from the District Court for the District of Minnesota pursuant to 28 U.S.C. § 157; (b) service of the Motion was sufficient; (c) setting a deadline for parties asserting claims for payment of administrative expenses is appropriate; (d) the notice, service, and publication of the Administrative Claims Bar Date Notice[1] will provide sufficient notice of the deadline for filing requests for payment of

---

[1] Capitalized terms used, but not otherwise defined herein, shall have the meanings given to them in the Motion.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *04/05/2011*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

administrative expenses in the above-captioned chapter 11 cases; and (e) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein:

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED.

2. The operation of Local Rule 3002-2(b) requiring that requests for payment of administrative expenses be made by motion is suspended pursuant to Local Rule 9029-1(b).

3. The Debtors' Motion for expedited hearing is granted.

4. The deadline by which claims for payment of administrative expenses incurred or arising on or before May 10, 2011 must be filed shall be, and hereby is, 4:00 p.m. (Central Time) on May 30, 2011 (the "Administrative Claims Bar Date").

5. The Administrative Claims Bar Date shall apply to each and every administrative expense claim incurred or arising on or before May 10, 2011, with the exception of:

    (a) Requests for allowance of compensation and reimbursement of expenses of professionals pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

    (b) Claims of the Office of the U.S. Trustee under 28 U.S.C. § 1930(a)(6); and

    (c) Any administrative expenses previously paid by the Debtors or approved by an order of this Court.

6. Any person or entity who is required to file a request for payment of an Administrative Expense Claim subject to this Order, but fails to do so, shall be forever barred, estopped, and enjoined from asserting any administrative expense arising on or before May 10, 2011 that such person or entity has against the Debtors.

7. The Administrative Claims Bar Date Notice and an Administrative Claim Form shall be served by the Debtors by first class mail, no later than April 11, 2011, to: (i) the United States Trustee; and (ii) all persons or entities whose names and addresses are known to the

Debtors, who may have claims of any kind against the Debtors including, but not limited to, persons or entities listed on the Debtors' schedules of liabilities.

8. The Debtors shall have the right to: (a) dispute, or assert offsets or defenses against any Administrative Expense Claim as to amount, liability, classification, or otherwise; and (b) object to any Administrative Expense Claim.

Dated: April 5, 2011.

*/e/ Gregory F. Kishel*

Gregory F. Kishel
Chief United States Bankruptcy Judge