UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | JOINTLY ADMINISTERED UNDER CASE NO. 10-38652 |
| DUKE AND KING ACQUISITION CORP., | Court File No. 10-38652 |
| Debtors. | Court File Nos: |
| (includes: | |
| Duke and King Missouri, LLC; | 10-38653 (GFK) |
| Duke and King Missouri Holdings, Inc.; | 10-38654 (GFK) |
| Duke and King Real Estate, LLC; | 10-38655 (GFK) |
| DK Florida Holdings, Inc.) | 10-38656 (GFK) |
| | Chapter 11 Cases |
| | Chief Judge Gregory F. Kishel |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER (A) GRANTING EXPEDITED HEARING; (B) APPROVING STALKING HORSE BIDDERS; (C) APPROVING FORM OF STALKING HORSE ASSET PURCHASE AGREEMENTS; (D) APPROVING STALKING HORSE PROTECTION FEES; AND (E) APPROVING FORM AND MANNER OF SALE NOTICE AND CURE NOTICE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter came before the court on April 14, 2011, on the Motion for Orders (i) Scheduling a Hearing on Stalking Horse Bids; (ii) Approving Stalking Horse Protection Fees; (iii) Approving Form of Stalking Horse Asset Purchase Agreements; (iv) Approving Form and Manner of Sale Notice and Cure Notice; (v) Authorizing Debtors to Sell Assets Free and Clear of Liens, Claims, Interests and Encumbrances; and (vi) Authorizing Assumption and Assignment of Unexpired Leases and Executory Contracts and Establishing Cure Costs (the "Sale Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Having reviewed the Motion and any objections and having held a hearing on the relief requested in the Sale Motion (the "Stalking Horse Hearing"), the Court has determined that the legal and factual basis set forth in the Sale Motion with respect to the relief considered at the Stalking Horse Hearing establish just cause of the relief granted herein.

{2637752:}

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *04/14/2011*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

**THE COURT FINDS AND DETERMINES THAT:**

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157;

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

C. Service and notice of the Sale Motion and the Stalking Horse Hearing were sufficient under the circumstances; and

D. The portion of the relief requested in the Sale Motion at the Stalking Horse Hearing is in the best interest of the Debtors, their estates, their creditors and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1. The Debtors' motion for expedited hearing is GRANTED.

2. The relief requested in the Sale Motion as stated on the record at the Stalking Horse Hearing is GRANTED.

3. Any objections, to the extent not resolved by agreement, shall be, and hereby are, deemed OVERRULED.

4. Capitalized terms used, but not otherwise defined in this Order, have the meanings given to them in the Sale Motion.

5. The Sale Notice in the form attached to Sale Motion is hereby APPROVED.

6. The Cure Notice in the form attached to the Sale Motion is hereby APPROVED.

7. The form of asset purchase agreement, dated April 8, 2011, between Debtor, Duke and King Missouri, LLC and Strategic Restaurants Acquisition Corp. II, LLC ("SRAC"), or its designee (the "Missouri APA"), as attached to the Sale Motion is hereby APPROVED, as SRAC shall be the Stalking Horse Bidder for the Missouri Region.

8. The form of asset purchase agreement, dated April 11, 2011, between Debtor, Duke and King Acquisition Corp. and Crown Ventures Iowa, Inc. ("Crown"), or its designee (the "Davenport APA"), attached to the Sale Motion is hereby APPROVED, and Crown is approved as the Stalking Horse Bidder for the Davenport Region.

9. The form of asset purchase agreement, dated April 11, 2011, between Debtor, Duke and King Acquisition Corp. and Heartland Food Corp. ("Heartland"), or its designee (the "Minnesota APA"), attached to the Sale Motion is hereby APPROVED, and Heartland is approved as the Stalking Horse Bidder for the Minnesota Region.

10. The form of asset purchase agreement, dated April 11, 2011, between Debtor, Duke and King Acquisition Corp. and Heartland, or its designee (the "IL/WI APA"), attached to the Sale Motion is hereby APPROVED, and Heartland is approved as the Stalking Horse Bidder for the Illinois Region and Wisconsin Region.

11. The Debtors are authorized to establish a separate, segregated, interest bearing accounts to hold the respective Deposits, in trust, made by the respective Stalking Horse Bidders pursuant to the Missouri APA, the Davenport APA, the Minnesota APA, and the IL/WI APA, as well as one or more additional account(s) to hold other deposit(s) made by other Qualified Bidder(s). All funds in such separate, segregated accounts, shall be held separate and apart from the Debtors' funds, and shall be free and clear of all liens, claims and interests of the Debtors' creditors; _provided_, _however_, that the Debtors are authorized to hold and disburse the respective deposits in accordance with the respective terms of the Missouri APA, Davenport APA, Minnesota APA and IL/WI APA, and any other deposits received from Qualified Bidders in accordance with the terms of the Sale Procedures.

12. The Stalking Horse Protection Fees shall be, and hereby is, APPROVED, as follows:

| Region | Stalking Horse Bidder | Sale Price | Break-Up Fee | Expense Reimbursement |
|---|---|---|---|---|
| Missouri | SRAC | $3,100,000 plus the value of on-hand cash and the value of on-hand inventory | $93,000 | Up to $100,000 |
| Davenport | Crown | $500,000 plus assumption of certain liabilities | $15,000 | Up to $20,000 |
| Minnesota | Heartland | $7,161,000 plus assumption of certain liabilities | 3% of Total Consideration (as defined in the Minnesota APA) | Up to $150,000 |
| Illinois | Heartland | $500,000 plus assumption of certain liabilities | 1.5% of Total Consideration (as defined in the IL/WI APA) | Up to $40,000 |
| Wisconsin | Heartland | $1 plus assumption of certain liabilities | 1.5% of Total Consideration (as defined in the IL/WI APA) | Up to $10,000 |

13. Heartland shall waive its Stalking Horse Protection Fee under the IL/WI APA in the event BofA exercises its credit bid rights and is the successful bidder for either the Illinois Region or the Wisconsin Region.

14. Nothing in this Order is intended to or shall, modify or amend the respective terms of the Missouri APA, the Davenport APA, the Minnesota APA, and the IL/WI APA.

15. This Order shall be effective immediately upon entry.

Dated: April 14, 2011.

*/e/ Gregory F. Kishel*

Gregory F. Kishel
Chief United States Bankruptcy Judge