UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

**************************************************************************

In re:  JOINTLY ADMINISTERED UNDER
CASE NO. 10-38652

DUKE AND KING ACQUISITION CORP.,  Court File No. 10-38652

Debtors.

Court File Nos:

(includes:
Duke and King Missouri, LLC;  10-38653 (GFK)
Duke and King Missouri Holdings, Inc.;  10-38654 (GFK)
Duke and King Real Estate, LLC;  10-38655 (GFK)
DK Florida Holdings, Inc.)  10-38656 (GFK)

Chapter 11 Cases
Chief Judge Gregory F. Kishel

**************************************************************************
**ORDER GRANTING MOTION FOR (A) EXPEDITED HEARING AND (B) AN ORDER PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 APPROVING COMPREHENSIVE SETTLEMENT**
**************************************************************************

This matter came before the Court on the Notice of Motion for (A) Expedited Hearing and (B) an Order Pursuant to Section 105(A) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Comprehensive Settlement (the "Motion"). Appearances, if any, are noted on the record.

Based on the arguments of counsel, all files, records and proceedings herein, the Court having been advised in the premises in the Court's Findings of Facts and Conclusions of Law,

IT IS HEREBY ORDERED:

1. The Motion for expedited relief is granted.

2. The Motion is granted in its entirety.

3. The Term Sheet, attached hereto as <u>Exhibit A</u>, is hereby approved in its entirety.
NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/10/2011*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

4. In accordance with the Term Sheet, the Debtors shall pay Bank of America, N.A. ("BofA") $5,000,000 from the sale proceeds by the later of (i) May 30, 2011, and (ii) the date upon which the Debtors receive the funds from the closing of the sale of the final Group One Region.

5. The payments to be made to BofA in accordance with paragraph 7 of the Term Sheet, if any, shall be made by the later of (i) May 30, 2011, and (ii) the date upon which the Debtors receive the funds from the closing of the sale of the final Group One Region.

6. In accordance with the Term Sheet, the Debtors will pay $4,730,918 to BKC by the later of (i) May 30, 2011 and (ii) the date upon which the Debtors receive the funds from the closing of the sale of the final Group One Region, but in no event later than June 15, 2011. At the closing of the Group One Regions related to store umbers 3792, 6299 and 16573, the Debtors shall also pay BKC any pro-rated real estate taxes due under the respective BKC lease for such restaurants through the closing date.

7. The parties are authorized to consummate the transactions contemplated in the Term Sheet upon entry of this Order and in accordance with the terms of this Order.

8. This Order shall be effective immediately upon entry.

Dated: May 10, 2011

*/e/ Gregory F. Kishel*

Gregory F. Kishel
Chief United States Bankruptcy Judge

# Exhibit A

# SETTLEMENT TERM SHEET

## IN RE: DUKE AND KING ACQUISITION CORP., ET AL,
### Case No. 10-38652 (Bankr. D. Minn.)

1. Duke and King Acquisition Corp., Duke and King Missouri, LLC, Duke and King Missouri Holdings, Inc., Duke and King Real Estate, LLC, and DK Florida Holdings, Inc. (collectively, the "Debtors") shall pay Bank of America ("BofA") $5,000,000 plus the amounts set forth in paragraph 7 below from the sale proceeds by the later of (i) May 30, 2011, and (ii) the date upon which the Debtors receive the funds from the closing of the sale of the final Group One Region.

2. BofA waives all deficiency claims against the Debtors and their estates; provided, however, that such waiver does not encompass any claims BofA may have against third parties.

3. Debtors waive all claims against BofA and Burger King Corporation ("BKC") and their respective officers, directors, employees and professionals, including chapter 5 avoidance claims.

4. Debtors and the Official Committee of Unsecured Creditors (the "Committee') will not challenge BofA's right to receive the lesser of (i) 25% of BKC's cure costs or (ii) $1,000,000 subject to and in accordance with the separate agreement between BKC and BofA, effective January 24, 2011. Subject and pursuant to its separate agreement with BKC, BofA will receive these amounts in addition to any amounts BofA receives under this term sheet.

5. The Debtors will pay $4,730,918 (the "Settlement Payment") to BKC by the later of (i) May 30, 2011, and (ii) the date upon which the Debtors receive the funds from the closing of the sale of the final Group One Region[1], but in no event later than June 15, 2011. The Debtors and the Committee will not challenge or object to BKC's rights to receive the Settlement Payment provided for in this paragraph on any basis whatsoever. At the closing of the Group One Regions related to store numbers 3792, 6299 and 16573, the Debtors shall also pay BKC any pro rated real estate taxes due under the respective BKC lease for such restaurants through the closing date. In addition, BKC shall be able to retain an amount equal to approximately $27,000 held by BKC in a building improvement fund for store number 4111.

6. BofA waives any credit bid rights it may have against the Illinois Region or the Wisconsin Region or any of the Group Two Restaurants.

---

[1] Capitalized terms used, but not otherwise defined herein, have the meanings given to them in the Sale and Bidding Procedures (as amended), filed on March 25, 2011.

{2693020:4}

7. The first $500,000 of any net increased value from overbids over and above the Stalking Horse Bids or favorable working capital adjustments, if any, for the Group 1 Regions, or bids for the Group Two Restaurants, shall go to the benefit of the estates/unsecured creditors. The value of any bids in excess of that amount will be shared 75% to BofA and 25% to the estates/unsecured creditors.

8. Except as provided in Paragraphs 1, 4, and 7, and consistent with Paragraphs 2, 3, and 19 BofA waives its right to receive any additional distributions from the Debtors or the Debtors' estates, and BofA shall have no liability for paying any administrative expense, secured or other claims against any of the Debtors.

9. Except as set forth herein and in consideration of the Settlement Payment, BKC waives all other claims against the Debtors and the estates.

10. BKC waives collection and enforcement of all third-party guaranties relating to the Debtors and the Debtors shall cause all such guarantors to waive all claims against BKC.

11. BKC agrees to the closure of any unsold Group Two Restaurants and/or restaurants in any Group One Region that are not being assigned to the ultimate purchaser, provided that such closures are de-identified.

12. The Committee agrees to not object to the sale of any Group One Region or Group Two Restaurants on any grounds.

13. The Committee shall dismiss, with prejudice, the Complaint filed against BofA, styled as Adv. Proc. No. 11-03083.

14. William Kaye will be designated to serve as liquidating trustee under any liquidating trust agreement approved under a plan of liquidation.

15. ~~The Coca-Cola Company and its affiliated entities (collectively, "Coke") shall reduce its administrative and/or secured claim against the Debtors by $125,000.~~ *[struck through]* JJ

16. Coke will pay to the Debtors the net outstanding rebate ~~by the later of (i) May 30, 2011 and (ii) ten days after the closing of the sale of the final Group One Region.~~ as soon as practical after it receives the information necessary to calculate any amount owing.

17. Coke shall deliver a waiver of all third party guaranties relating to the Debtors. In the event, however, that such waiver is not delivered on or before May 10, 2011, the Debtors shall indemnify such third parties on an administrative claim basis.

18. BofA, the Committee, BKC or Coke each agree to not object to the Debtors' employee stay incentive bonus motion.

19. Any other sources of cash or reductions in costs shall be for the sole benefit of the estates/unsecured creditors.

{2693020:4}

Dated: April 26, 2011                    AGREED TO AND ACCPETED BY:

**(As to Paragraphs 1-19)**

_/s/_
Shawn M. Riley (OH 0037235)
Scott N. Opincar (OH 0064027)
Michael J. Kaczka (OH 0076548)
McDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Phone (216) 348-5400
Fax (216) 348-5474
sriley@mcdonaldhopkins.com
sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com

COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

**(As to Paragraphs 1-4, 6-8, 18-19)**

_/s/_
Stephen M. Mertz (#212131)
Michael F. Doty (#0388303)
Christopher J. Harayda (#0390333)
FAEGRE & BENSON
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: 612-766-7000
Facsimile: 612-766-1600

COUNSEL FOR BANK OF AMERICA, N.A.

{2693020:4}

(As to Paragraphs 4, 12-15, 18-19)

_____
Aaron L. Hammer
Richard S. Lauter
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312-360-6000
Facsimile: 312-360-6995
ahammer@freebornpeters.com
rlauter@freebornpeters.com

COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS


(As to Paragraphs 4-5, 9-11, 18-19)

_____
Paul J. Battista, Esq. (FL. Bar No. 884162)
GENOVESE JOBLOVE & BATTISTA, P.A.
100 S.E. Second Street, 44th Floor
Miami, FL 33131
305-349-2300

COUNSEL FOR BURGER KING CORP.


(As to Paragraphs 16-18)

_____
Joseph Johnson, Jr.
THE COCA-COLA COMPANY
P.O. Box 1734
NAT 2008 Mail Stop
Atlanta, GA. 30313
404 676-4150 Phone
404 598-4150 Fax
josjohnson@na.ko.com

COUNSEL FOR THE COCA-COLA COMPANY


{2693020:4}