## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **JOINTLY ADMINISTERED UNDER CASE NO 10-38652** |
| Duke and King Acquisition Corp., | Court File No. 10-38652 |
| Debtors. | Court File Nos: |
| (includes | |
| Duke and King Missouri, LLC; | 10-38653 (GFK) |
| Duke and King Missouri Holdings, Inc.: | 10-38654 (GFK) |
| Duke and King Real Estate, LLC; | 10-38655 (GFK) |
| DK Florida Holdings, Inc.) | 10-38656 (GFK) |
| | Chapter 11 Cases |
| | Chief Judge Gregory F. Kishel |

## STIPULATION RELATED TO SALE OF ASSETS
## FREE AND CLEAR OF LIENS

IT IS HEREBY STIPULATED AND AGREED, among and between the undersigned parties, through their respective counsel, as follows:

### RECITALS

WHEREAS, on or about July 15, 2009, Warren Capital and Debtors Duke & King Acquisition Corp. and Duke and King Missouri, LLC (the "Debtors") entered into an Equipment Financing Agreement No. 2009-17A (the "EFA"); and

WHEREAS, pursuant to the terms of the EFA, Warren Capital advanced $138,392.00 to finance the Debtors' purchase of fifteen (15) Nieco Broilers and associated parts and components described in Schedules A and B to the EFA, and the Debtors granted Warren Capital an Article 9 security interest in the collateral described in the Financing Agreement. Warren Capital properly perfected its security interest through the filing of UCC financing statements; and

WHEREAS, at the time of their entry into the EFA, the parties contemplated that Warren Capital might, from time to time through the issuance of additional commitments, finance the Debtors' acquisition of additional equipment; and

WHEREAS, subsequent to the execution of the EFA, Warren Capital from time to time advanced additional amounts to the Debtors to finance the purchase of additional Nieco Broilers and associated parts and components pursuant to written agreements, with the Debtors in each instance granting to Warren Capital a security interest in the equipment financed by the advance, as follows:

- Pursuant to Agreement No. 2009-17B dated as of August 11, 2009, Warren Capital advanced $138,291.20 to finance the Debtors' purchase of sixteen (16) additional Nieco Broilers and associated parts and components;

- Pursuant to Agreement No. 2009-17C dated as of August 18, 2009, Warren Capital advanced $142,245.60 to finance the Debtors' purchase of eighteen (18) additional Nieco Broilers and associated parts and components;

- Pursuant to Agreement No. 2009-17D dated as of October 6, 2009, Warren Capital advanced $42,132.00 to finance the Debtors' purchase of five (5) additional Nieco Broilers and associated parts and components;

- Pursuant to Agreement No. 2009-17E dated as of December 10, 2009, Warren Capital advanced an additional $98,382.40 to finance the Debtors' purchase of twelve (12) additional Nieco Broilers and associated parts and components;

- Pursuant to Agreement No. 2009-17F dated as of January 22, 2010, Warren Capital advanced an additional $99,218.40 to finance the Debtors' purchase of twelve (12) additional Nieco Broilers and associated parts and components;

- Pursuant to Agreement No. 2009-17G dated as of February 15, 2010, Warren Capital advanced an additional $89,487.20 to finance the Debtors' purchase of eleven (11) additional Nieco Broilers and associated parts and components

The EFA and Agreements Nos. 2009-17B through 2009-17G are together referred to as the "Agreements;" and

WHEREAS, under the Agreements, the Debtors agreed to make monthly installment payments to Warren Capital; and

WHEREAS, prior and subsequent to the filing of the Debtors' bankruptcy petitions, the Debtors have made monthly installment payments to Warren Capital in accordance with the terms of the Agreements; and

WHEREAS, in Schedule D to their Bankruptcy Schedules, the Debtors have scheduled Warren Capital as the holder of a secured claim that is liquidated, non-contingent and not disputed; and

WHEREAS, on or before May 13, 2011, the Debtor will make a monthly installment payment to Warren Capital in the amount of $24,027.00 (the "May Payment"), thereby reducing the principal amount owed to Warren Capital under the Agreements to $373,357.00; and

WHEREAS, Warren Capital believes that the value of the collateral exceeds the amount owed under the terms of the Agreements; and

WHEREAS, the Debtors seek to sell the collateral securing Warren Capital's advances under the Agreements free and clear of Warren Capital's liens and security interests pursuant to the Debtors' Motion for Orders (I) Scheduling a Hearing on Stalking Horse Bids; (II) Approving Stalking Horse Protection Fees; (III) Approving Form of Stalking Horse Asset Purchase Agreements; (IV) Approving Form and Manner of Sale Notice and Cure Notice; (V) Authorizing Debtors to Sell Assets Free and Clear of Liens, Claims and Encumbrances; and (VI) Authorizing Assumption and Assignment of Unexpired Leases and Executory Contracts and Establishing Cure Costs (the "Motion"); and

WHEREAS, Warren Capital has filed an objection to the Motion the ("Objection"), on the grounds that the Debtors have failed to obtain Warren Capital's consent to the sale free and clear of liens, and the Debtors have otherwise failed to satisfy the requirements of 11 U.S.C. § 363(f); and

WHEREAS, Warren Capital has agreed to withdraw its Objection and to consent to the sale of the collateral securing Warren Capital's advances under the Agreements upon the terms set forth in the following Stipulation.

**STIPULATION**

Based upon the foregoing, it is hereby agreed as follows:

1. The Debtors will make the May Payment to Warren Capital on or before May 13, 2011.

2. Subject to the provisions to follow, Warren Capital consents to the sale of the collateral securing repayment of the amounts owed under the Agreements free and clear of Warren Capital's liens and security interests.

3. Upon the closing of the sale of the Debtors' assets contemplated in the Motion, out of the proceeds therefrom, the Debtors shall forthwith, but no later than two (2) days after the closing, deposit or cause to be deposited into a segregated account at U.S. Bank National Association the sum of $373,357.00 (the "Deposit"). Debtors shall thereupon deliver to counsel for Warren Capital copies of the deposit agreement and the deposit receipt which evidences the Deposit.

4. The Deposit shall remain segregated and shall not be commingled with other funds pending further order of the Bankruptcy Court, and shall be held for the specific purpose of satisfying in whole or in part Warren Capital's secured claims under the Agreements.

5. Warren Capital's liens and security interests shall attach to the Deposit and the funds on Deposit to the same extent, and such liens and security interests shall have the same dignity, priority and character as Warren Capital's prepetition liens in the Debtors' assets. Warren Capital's liens and interests in the Deposit and the funds in the Deposit shall be deemed

to be automatically perfected without the need for the filing or recording of any documents. No other liens or interests, other than the liens and interests of Warren Capital, shall attach to the Deposit.

6. To the extent that the value of Warren Capital's liens and security interests may exceed the amount of the Deposit, then Warren Capital shall have a lien and security interest in all other proceeds from the sale of the Debtors' assets, and such liens and security interests shall have the same dignity, priority and character as Warren Capital's prepetition liens in the Debtors' assets, and shall be deemed to be automatically perfected without the need for filing or recording any documents.

7. Any objections related to the value of Warren Capital's liens and security interests in the Debtors' assets are preserved. All objections related to the nature, character, validity, priority, dignity, extent and effect of Warren Capital's liens are hereby waived.

8. The parties agree to negotiate in good faith to determine the value of Warren's liens and security interests. In the event that the parties reach agreement on the value of Warren Capital's liens and security interests, each party to this Stipulation agrees to join in a motion, on an expedited basis, seeking the release of a portion and/or all of the Deposit or of the Deposit and some portion of the remaining sale proceeds, as may be appropriate depending upon value.

9. To the extent that the value of Warren Capital's liens and security interests exceeds the value of the Warren Capital collateral to be sold by the Debtors, then Warren Capital shall be entitled to recover all principal, post petition interest, and attorneys' fees out of the proceeds from the Deposit and other proceeds from the sale of the Debtors' assets.

10. In the event that the parties are unable to agree to a value within thirty (30) days from the entry of an order approving this Stipulation, then any party may file a motion or seek a

determination from the Bankruptcy Court of the value of Warren Capital's liens and security interests on an expedited basis.

11. Nothing contained herein shall impair or otherwise affect the claims or defenses of the Debtors, Warren Capital or any other party-in-interest with respect to the Debtors' rights under 11 U.S.C. § 506(c).

12. The parties agree that the Bankruptcy Court may enter an Order approving this Stipulation.

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

Dated: May 9, 2011

By: /e/ James M. Jorissen
James M. Jorissen, #262833
Andrew J. Budish, #388255
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 332-1030

ATTORNEYS FOR WARREN CAPITAL CORPORATION

Dated: May 9, 2011

FREDRIKSON & BYRON, P.A.

By: **/e/** Douglas W. Kassebaum
    Clinton E. Cutler, # 0158094
    Douglas W. Kassebaum, #0386802
    200 South Sixth Street, Suite 4000
    Minneapolis, MN 55402
    Telephone: (612) 492-7070

--AND--

MCDONALD HOPKINS LLC

    Shawn M. Riley (OH 0037235)
    Scott N. Opincar (OH 0064027)
    Michael J. Kaczka (OH 0076548)
    600 Superior Avenue, East, Suite 2100
    Cleveland, OH 44114-2653
    Phone (216) 348-5400

CO-COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION.

|  |  |
|---|---|
| Dated: May 9, 2011 | MASLON, EDELMAN, BORMAN AND BRAND, LLP<br><br>By: /e/ Amy J. Swedberg<br>Amy J. Swedberg, #0271019<br>3300 Wells Fargo Center<br>90 South 7th Street<br>Minneapolis, MN 55402<br>Telephone: (612) 672-8200<br><br>--AND--<br><br>FREEBORN & PETERS LLP<br><br>Aaron L. Hammer<br>Devon J. Eggert<br>Richard S. Lauter<br>311 S Wacker Dr, Suite 3000<br>Chicago, IL 60606<br>Telephone: (312) 360-6000<br><br>ATTORNEYS FOR UNSECURED CREDITORS COMMITTEE |