UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | **JOINTLY ADMINISTERED UNDER CASE NO. 10-38652** |
| **DUKE AND KING ACQUISITION CORP.,** | Court File No. 10-38652 |
| Debtors. | Court File Nos: |
| (includes:<br>Duke and King Missouri, LLC;<br>Duke and King Missouri Holdings, Inc.;<br>Duke and King Real Estate, LLC;<br>DK Florida Holdings, Inc.) | 10-38653 (GFK)<br>10-38654 (GFK)<br>10-38655 (GFK)<br>10-38656 (GFK) |
| | Chapter 11 Cases<br>Chief Judge Gregory F. Kishel |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF HEARING AND MOTION FOR AN ORDER AUTHORIZING
DEBTORS TO SELL DE MINIMIS ASSETS PURSUANT TO SECTION 363(B)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO: The parties on the attached service list.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") move the Court for the relief requested below and give notice of a hearing.

1. The Court will hold a hearing on this Motion at 9:30 a.m. on June 16, 2011, in Courtroom No. 2A, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

2. Any response to the Motion must be filed and served not later than June 11, 2011, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rules 1070-1 and 1073-1. This is a core proceeding.

The petitions commencing the Debtors' chapter 11 cases were filed on December 4, 2010 (the "Petition Date"). The chapter 11 cases are now pending in this Court.

4. The relief sought in this Motion is based upon 11 U.S.C. §§ 105(a), 363, and 541, and Fed. R. Bankr. P. 2002(a)(2) and 6004. The Debtors move the Court for an order authorizing Debtors to sell de minimis assets in the manner described below outside of the ordinary course of their business. The Debtors seek authority to enter into bills of sale and close the sales of such de minimis assets free and clear of liens and encumbrances.

## BACKGROUND

5. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and are managing their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The Debtors operate 87 separate BURGER KING® franchise restaurants: 37 in Minnesota; 19 in Missouri; 15 in Illinois; 12 in Wisconsin; 3 in Iowa; and 1 in Kansas. Until two days prior to the Petition Date, the Debtors operated 92 separate locations. The Debtors filed their chapter 11 cases in order to preserve the going concern value of their businesses. On January 7, 2011, the Debtors filed a Motion for an Order Approving Sale and Bidding Procedures, Docket No. 106, seeking approval of sale procedures for the sale of substantially all of the Debtors' assets (the "Procedures Motion"). On January 24, 2011, the Court approved the Procedures Motion, which established the process for a sale of substantially all of the Debtors' assets (the "Sale Procedures").

7. On April 11, 2011, the Debtors filed the Motion for Orders (i) Scheduling a Hearing on Stalking Horse Bids; (ii) Approving Stalking Horse Protection Fees; (iii) Approving Form of Stalking Horse Asset Purchase Agreements; (iv) Approving Form and Manner of Sale

{2707039:2}
2

Notice and Cure Notice; (v) Authorizing Debtors to Sell Assets Free and Clear of Liens, Claims, Interests and Encumbrances; and (vi) Authorizing Assumption and Assignment of Unexpired Leases and Executory Contracts and Establishing Cure Costs, Docket No. 214 (the "Sale Motion"). The Court, on April 14, 2011, approved the portion of the relief requested in the Sale Motion relating to stalking horse bids and stalking horse protection fees. The Court held a hearing on May 10, 2011, whereby it approved the sale of substantially all of the Debtors' operating assets and assumption and assignment of certain contracts and leases as requested in the Sale Motion to multiple purchasers.

## **BACKGROUND RELEVANT TO RELIEF REQUESTED**

8. While substantially all of the Debtors' restaurant-level operating assets will be sold by the end of May 2011, the Debtors will continue to have certain corporate-level assets as well as certain other de minimis assets that will not be included in the restaurant sales (collectively, the "De Minimis Assets"). The purpose of this Motion is to establish an efficient and streamlined procedure to allow the sale of those De Minimis Assets.

9. For example, the Debtors are seeking authority to sell to bd's Mongolian Grill certain corporate-level assets, including a fully depreciated automobile, office furniture, computer server and printers for a total of $11,525.[1] A list of these assets is attached hereto as Exhibit A. Officers of the Debtors – Rodger Head and Becky Moldenhauer – are also officers of bd's Mongolian Grill. In addition the Debtors are seeking to sell laptops to various field employees for an aggregate amount of approximately $5,425. A list of the laptops to be sold is attached hereto as Exhibit B. The Debtors will no longer have use for any of these assets once operations cease and their operating assets are sold at the end of May.

---

[1] This amount is based on the average prices on E-bay or other re-sale websites.

10. The De Minimus Assets are currently subject to a lien held by Bank of America, N.A. ("BofA"). Pursuant to the Order Granting Motion for (A) Expedited Relief and (B) an Order Pursuant to Section 105(A) of the Bankruptcy Code and Bankruptcy Code and Bankruptcy Rule 9019 Approving Comprehensive Settlement (the "Comprehensive Settlement Order") and the Settlement Term Sheet attached thereto (together, the "Comprehensive Settlement"), BofA agreed to waive its right to distributions from the Debtors beyond those payments from proceeds of the operating assets as fully described in the Comprehensive Settlement.

**RELIEF REQUESTED**

11. By this motion, the Debtors seek approval to enter into and consummate sales of the De Minimis Assets in accordance with the below procedure and the exact terms set forth in the proposed order filed with this motion. The Debtors propose that they have blanket authority to enter into and sell excess assets to third parties provided that each such sale transaction includes assets of an aggregate value not to exceed $20,000. Prior to consummating such sales, the Debtors will disclose the terms of the sale(s) to the United States Trustee and the Official Committee of Unsecured Creditors (the "Committee"). If neither of those parties object to the sale terms of such sale within 5 business days notice of the terms, the Debtors shall be authorized to enter into and consummate such sale. In the event of an objection, the Debtors will schedule a hearing on expedited notice to seek a ruling from the Court on whether they may proceed with such sale.

12. Pursuant to the Comprehensive Settlement, the Debtors submit they have the consent of BofA to sell the De Minimus Assets free and clear of its interests, and all of the proceeds from these asset sales will be for the benefit of the Debtors' estates. Under the proposed procedure, the Debtors will not sell any assets subject to liens of other secured

creditors, and as additional assurance to such secured creditors, the Debtors do not ask that De Minimus Assets be sold free and clear of interests other than those of BofA.

## **THE SALE IS IN THE BEST INTERESTS OF THE ESTATES**

13. The Debtors believe these proposed sales are in the best interests of the estates. The sales being negotiated now allow the Debtors to maximize proceeds for the benefit of the estates. Furthermore, the Debtors' management believes it is in the best position to maximize the value of the assets being sold because they have knowledge of the market and potential buyers. Indeed, certain buyers — like bd's Mongolian Grill or certain employees — are prepared to purchase the assets as soon as the Court approves this Motion. The proposed procedure minimizing transaction costs by eliminating the need for the Debtors to bring multiple motions to sell assets of low value, increasing net recovery for unsecured creditors while preserving the right of the Committee to vet each transaction.

14. Pursuant to Local Rule 9013-2(a), this Motion is verified and is accompanied by a Memorandum, Proposed Order and proof of service.

15. Pursuant to Local Rule 9013-2, the Debtors give notice that they may, if necessary call Becky Moldenhauer, Chief Financial Officer of the Debtors, to testify at the hearing on the Motion regarding the facts set out herein. Ms. Moldenhauer's business address is 12281 Nicollet Avenue, Burnsville, MN 55337.

WHEREFORE, the Debtors move the Court enter an order:

(a) Authorizing the Debtors to sell property of the estates free and clear of the liens and encumbrances of Bank of America, N.A. subject to the conditions set forth in this motion;

(b) Approving certain sales conducted prior to the hearing on this motion conducted on the procedure proposed in this Motion; and

(c) Granting such other and further relief as the Court deems just and equitable.

FREDRIKSON & BYRON, P.A.

Dated: May 15, 2011

*/e/ Douglas W. Kassebaum*
Clinton E. Cutler (#158094)
Douglas W. Kassebaum (#386802)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
ccutler@fredlaw.com
dkassebaum@fredlaw.com

– and –

McDONALD HOPKINS LLC

Shawn M. Riley (OH 0037235)
Scott N. Opincar (OH 0064027
Michael J. Kaczka (OH 0076548)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Phone (216) 348-5400
Fax (216) 348-5474
sriley@mcdonaldhopkins.com
sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com

CO-COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

4928112

## VERIFICATION

I, Becky Moldenhauer, am the Chief Financial Officer of Duke and King Acquisition Corp. and Duke and King Missouri, LLC. Based upon my personal information and belief, I declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated: May __, 2011            Signed: *Becky. Moldenhauer*
                                       Becky Moldenhauer

{2707039:2}

# EXHIBIT A

**EXHIBIT A**

| DESCRIPTION | AMOUNT |
|---|---|
| Rodger Car | $ 5,000 |
| Server/Computer | 2,500 |
| Conference Room Table | 500 |
| Rodger Office | 500 |
| Computers Accounting | 450 |
| Joey Office | 400 |
| Becky's Office | 400 |
| Computers HR | 300 |
| Kris Desk | 250 |
| Entry Furniture | 250 |
| Printers | 225 |
| Joey Computer | 200 |
| Joey Laptop | 200 |
| Computers Payroll | 150 |
| Margaret Office | 100 |
| Jolene Office | 100 |
| **TOTAL** | **$11,525** |

4930024_1/062204.0888s

# EXHIBIT B

# EXHIBIT B

| Market | Name | Model | OS | Office | Serial # | Value |
|---|---|---|---|---|---|---|
| Minnesota | Sheryl Pietsch | Acer Aspire 1 | Windows XP Pro | Office 2007 | SNIS 92513964525 | $ 254.00 |
| Illinois | Matt White | Dell Latitude D520 | Windows XP Pro | Office 2003 | Unable to locate | $ 223.00 |
| Minnesota | Joe Chavez | IBM ThinkPad Lenovo R61 | Windows XP Pro | Office 2007 | L3-ACW8W 09/03 | $ 361.00 |
| Minnesota | Michael Johnson | IBM ThinkPad Lenovo T400 | Windows 7 Pro | Office 2007 | R8-NDHL8 | $ 898.00 |
| Minnesota | Lori Busch | IBM ThinkPad Lenovo T400 | Windows 7 Pro | Office 2007 | L3-AFW8L 09/03 | $ 898.00 |
| Illinois | Jeff Kutschke | IBM ThinkPad Lenovo T42 | Windows XP Pro | Office 2007 | S/N 99-lc529 | $ 235.00 |
| Minnesota | Bev Trombley | IBM ThinkPad Lenovo T43 | Windows XP Pro | Office 2003 | 187132U | $ 221.00 |
| Minnesota | Wendy Mathisen | IBM ThinkPad Lenovo T60 | Windows XP Pro | Office 2003 | 80045-509-579-120 | $ 289.00 |
| Illinois | Dave Henson | IBM ThinkPad Lenovo T60 | Windows XP Pro | Office 2007 | L3-BL822-07103 | $ 289.00 |
| Missouri | Stephanie Johnson | IBM ThinkPad Lenovo T60 | Windows XP Pro | Office 2003 | L3-BK663-0702 | $ 289.00 |
| Missouri | Bob Murphy | IBM ThinkPad Lenovo T60 | Windows XP Pro | Office 2003 | S/N L3-BD703  07/01 | $ 289.00 |
| Missouri | Kelly Regar | IBM ThinkPad Lenovo T60 | Windows XP Pro | Office 2003 | S/N L3-bk677 6??2 | $ 289.00 |
| Missouri | Tom Burkett | IBM ThinkPad Lenovo T60 | Windows XP Pro | Office 2007 | L3-BN701 07/03 | $ 289.00 |
| Minnesota | Bryan Anderson | IBM ThinkPad Lenovo T61 | Windows XP Pro | Office 2007 | S/N  L3-H3668- 08/05 | $ 300.00 |
| Illinois | Walt Whited | IBM ThinkPad Lenovo T61 | Windows XP Pro | Office 2007 | L3-G7140 | $ 300.00 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

**********************************************************************

In re:

DUKE AND KING ACQUISITION CORP.,

Debtors.

(includes:
Duke and King Missouri, LLC;
Duke and King Missouri Holdings, Inc.;
Duke and King Real Estate, LLC;
DK Florida Holdings, Inc.)

JOINTLY ADMINISTERED UNDER
CASE NO. 10-38652

Court File No. 10-38652

Court File Nos:

10-38653 (GFK)
10-38654 (GFK)
10-38655 (GFK)
10-38656 (GFK)

Chapter 11 Cases
Chief Judge Gregory F. Kishel

**********************************************************************

### DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING DEBTORS TO SELL DE MINIMIS ASSETS PURSUANT TO SECTION 363(B)

**********************************************************************

The above-captioned debtor and debtors in possession (collectively, the "Debtors") submit this memorandum in support of their Motion. The Debtors believe that the sales of the De Minimis Assets described in the Motion in accordance with the proposed sale procedures should be authorized because they will maximize value for the benefit of their estates, creditors and other parties in interest, while reducing Debtors' administrative expenses and conserving judicial resources.

### BACKGROUND

The facts set forth in this Memorandum are drawn from the Debtors' verified Motion. All capitalized terms have the meaning ascribed to them in the Motion.

# ANALYSIS

## II. The Court Should Authorize the Proposed Sales Because They Are in the Best Interest of the Estates

Section 363(b)(1) of the Bankruptcy Code provides that debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve of the use of property outside of the ordinary course of business, the court need only determine that the debtor's decision is supported by some articulated business justification. Four B v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.), 107 F.3d 558, 567 (8th Cir. 1997); Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991). When applying the business judgment rule, the courts give deference to the debtor's decision making. In re Schipper, 933 F.2d at 515.

The Debtors, exercising their business judgment, believe the sales of the De Minimis Assets will produce the highest return for the estates. The Debtors have the greatest knowledge of the assets and can negotiate the most favorable price. With respect to corporate-level assets, the Debtors will be able to take advantage of their knowledge of the marketplace and value of such assets. The Debtors believe the conduct of the sales will yield the highest return and are in the best interests of the estates and creditors.

## III. The De Minimis Asset Sale Procedures Should Be Approved.

The Court's general equitable powers are codified in section 105(a) of the Bankruptcy Code. This section empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 363(b)(1) of the Bankruptcy Code provides that debtor-in-possession "after notice and a hearing, may use, sell, or lease other than in the ordinary course of business property of the estate. Whether a sale of assets pursuant to section 363(b) of the Bankruptcy Code should be approved in a particular case is a matter left to the Court's discretion, giving due deference to the business

reason asserted by the debtor. In re Food Barn, Inc., 107 F.3d at 567; In re Schipper, 933 F.2d at 515.

Section 363(f)(2) of the Bankruptcy Code provides, in pertinent part, that the debtor in possession may sell property "free and clear of any interest in such property to an entity other than the estate, only if . . . such entity consents . . . ." 11 U.S.C. 363(f)(1). The absence of an objection by noticed parties, constitutes consent. Citicorp Homeowners Servs. Inc., v. Elliott (In re Elliott), 94 B.R. 343 (E.D. Pa. 1988).

As they conduct their wind-down, the Debtors will no longer need certain computer equipment, vehicles, and office furnishings and other equipment. The Debtors project that the value of the De Minimis Assets will not be great, and the proposed sale procedures will provide flexibility to consummate sales quickly and in a shorter time than may be necessary to provide the notice required by the Bankruptcy Rules. In addition, the amounts involved in each transaction may be so low that preparation of a motion seeking authority to sell each batch may easily exceed the value that would otherwise be obtained in the sales.

The sale procedures provide for oversight of the Debtors' sale activities by the Committee and the United States Trustee. These parties may object to any sale and cause the Debtors to bring the matter before the Court to be heard. With these protections in place, the Debtors believe in their business judgment that the excess assets should be sold or disposed of pursuant to the sale procedures to maximize their value to the estates.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

The Debtors respectfully request that the Court authorize Debtors to sell De Minimis Assets in multiple transactions, approve the proposed de minimis sales procedures, and authorize Debtors to consummate the sales without further order of the Court.

Dated: May 15, 2011

FREDRIKSON & BYRON, P.A.

*/e/ Douglas W. Kassebaum*
Clinton E. Cutler (#158094)
Douglas W. Kassebaum (#386802)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
ccutler@fredlaw.com
dkassebaum@fredlaw.com


-and-

McDONALD HOPKINS LLC

Shawn M. Riley (OH 0037235)
Scott N. Opincar (OH 0064027)
Michael J. Kaczka (OH 0076548)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Phone (216) 348-5400
Fax (216) 348-5474
sriley@mcdonaldhopkins.com
sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com

CO-COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | JOINTLY ADMINISTERED UNDER CASE NO. 10-38652 |
| DUKE AND KING ACQUISITION, CORP., | Court File No. 10-38652 |
| Debtors. | |
| | Court File Nos: |
| (includes: | |
| Duke and King Missouri, LLC; | 10-38653 (GFK) |
| Duke and King Missouri Holdings, Inc.; | 10-38654 (GFK) |
| Duke and King Real Estate, LLC; | 10-38655 (GFK) |
| DK Florida Holdings, Inc.) | 10-38656 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CERTIFICATE OF SERVICE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Douglas W. Kassebaum, under penalty of perjury, states that on May 18, 2011, he caused to be served the following:

1. Notice of Hearing and Motion for an Order Authorizing Debtors to Sell De Minimis Assets Pursuant to Section 363(b);

2. Memorandum of Law in Support of Motion for an Order Authorizing Debtors to Sell De Minimis Assets Pursuant to Section 363(b);

3. Proposed Order; and

4. Certificate of Service

by sending true and correct copies via ECF and by U.S. Mail to the parties listed in the attached service list.

Dated: May 18, 2011        */e/ Douglas W. Kassebaum*
                            Douglas W. Kassebaum

4924145_1/062204.0888

Duke and King Acquisition Corp. and Related Debtors
Bky No. 10-38652
SERVICE LIST

## US Trustee and Other Required Parties

U.S. Trustee's Office
1015 US Courthouse
300 S Fourth St
Minneapolis MN 55415
ustpregion12.mn.ecf@usdoj.gov

U.S. Trustee's Office
1015 US Courthouse
300 South Fourth Street
Minneapolis MN 55415
michael.fadlovich@usdoj.gov

### Attorneys for Duke and King Acquisition Corp.
Michael J. Kaczka
Scott N. Opincar
Shawn M. Riley
McDonald Hopkins LLC
mkaczka@mcdonaldhopkins.com
sopincar@mcdonaldhopkins.com
sriley@mcdonaldhopkins.com

IRS District Counsel
380 Jackson St, Ste 650
St Paul MN 55101-4804

Internal Revenue Service
Wells Fargo Place
30 E 7th St, Mail Stop 5700
St Paul MN 55101

MN Department of Revenue
Collection Enforcement
551 Bankruptcy Section
600 North Robert Street
PO Box 64447
St Paul MN 55101-2228

US Attorney
600 US Courthouse
300 S Fourth St
Minneapolis MN 55415

Minnesota Department of Economic Security
332 Minnesota St, Ste E200
St. Paul MN 55101-1351

## Debtors

Duke and King Acquisition Corp.
Attn: Becky Moldenhauer
12281 Nicollet Ave S
Burnsville, MN 55337

## Official Committee of Unsecured Creditors

### Local Counsel for Official Committee of Unsecured Creditors
c/o Amy J. Swedberg
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
amy.swedberg@maslon.com

### Counsel for Official Committee of Unsecured Creditors
c/o Aaron L. Hammer
Freeborn & Peters LLP
311 South Wacker Drive, #3000
Chicago, IL 60606-6677
ahammer@freebornpeters.com

## Major Secured Creditors

### Bank of America
c/o Stephen M. Mertz
Michael R. Stewart
Michael F. Doty
Christopher J. Harayda
Faegre & Benson LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402-3901
SMertz@faegre.com
MStewart@faegre.com
MDoty@faegre.com
CHarayda@faegre.com

### Bank of America
c/o Wendy S. Walker
Jonathan K. Bernstein
Patrick D. Fleming
Annie C. Wells
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
wwalker@morganlewis.com
awells@morganlewis.com

### Wells Fargo Bank, N.A.
c/o Mark D. Stephenson
Stephenson, Sanford & Thone, PLC
1905 East Wayzata Boulevard, #220
Wayzata, MN 55391
marks@stephenson-sanford.com

### Meadowbrook Meat Company d/b/a MBM Corp.
c/o Larry B. Ricke
Ricke & Sweeney, PA
325 Cedar Street
St. Paul, MN 55101
rickel@srsg.net

## Appearance Parties

### Burger King Corporation
c/o Paul J. Battista
Genovese Joblove & Battista, P.A.
100 Southeast Second Street, 44th Floor
Miami, FL 33131
pbattista@gjb-law.com

### Burger King Corporation
c/o Kenneth Corey-Edstrom
Larkin, Hoffman, Daly & Lindgren Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Bloomington, MN 55431-1194
kcoreyedstrom@larkinhoffman.com

### Pan-O-Gold Baking Co.
c/o John L. Greer
Hughes Mathews, PA
110 Sixth Avenue South, #200
P.O. Box 548
St. Cloud, MN 56302-0548
jgreer@hughesmathews.com

### Bruce Swisshelm
c/o Gordon B. Conn, Jr.
Carole Clark Isakson
Kalina, Wills, Gisvold & Clark PLLP
6160 Summit Drive, #560
Minneapolis, MN 55430
conn@kwgc-law.com
isakson@kwgc-law.com

### Reinhart Foodservice, LLC
c/o Jeffrey D. Klobucar
Foley & Mansfield PLLP
250 Marquette Avenue, #1200
Minneapolis, MN 55401
jklobucar@foleymansfield.com

### Reinhart Foodservice, LLC
c/o Thomas F. Blakemore
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL 60601-9703

### Missouri Department of Revenue
c/o Steven A. Ginth
Missouri Dept. of Revenue
General Counsel's Office
301 W. High Street, Room 670
P.O. Box 475
Jefferson City, MO 65105-0475
mn@dor.mo.gov

Duke Manufacturing Co.
Attn: Officer or Agent
2305 North Broadway
Saint Louis, MO 63102
Fax No. 314-231-5074

GreatAmerica Leasing Corporation
Attn: Officer or Agent
625 1st Street, SE, Suite 800
Cedar Rapids, IA 52401-2031
Fax No. 319-365-8607

Coca-Cola Financial Corporation
Attn: Amber Meyer
1410 SW Morrison St., #750
Portland, OR 97205

### The Lakes Adventure, LLC, f/k/a The Lakes at Raintree Village, LLC
c/o Eoin L. Kreditor
Friedman Stroffe & Gerard, P.C.
19800 MacArthur Blvd., #1100
Irvine, CA 92612
ekreditor@fsglawyers.com

### Mark and Helen Kim
c/o Jane H. Park
John H. Kim
Mirae Law, LLC
1701 Golf Road, Suite 1-1106
Rolling Meadows, IL 60008

Duke and King Acquisition Corp. and Related Debtors
Bky No. 10-38652
SERVICE LIST

| | | |
|---|---|---|
| *Travelers*<br>Travelers<br>Attn: Chantel Pinnock<br>Account Resolution<br>One Tower Square, 5MN<br>Hartford, CT 06183<br>Fax No. 877-399-8479 | *Gabriel and Karen Fazzini*<br>c/o Michael W. Vogel<br>Vogel Law Firm, Ltd.<br>19 S. Austin Road<br>Janesville, WI 53548<br>mwv@vogellawfirm.net | *Strategic Restaurants Acquisition Company II, LLC*<br>c/o Robert A. Trodella, Jr.<br>Jones Day<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>rtrodella@jonesday.com |
| *Sunflower Square Shopping Center, LLC*<br>c/o Richard C. Salmen<br>Felhaber, Larson, Fenlon & Vogt, PA<br>220 South Sixth Street, #2200<br>Minneapolis, MN 55402<br>rsalmen@felhaber.com | *South Campbell Street Investment Company, LLC and Legacy Enterprises Inc.*<br>c/o Dan R. Nelson<br>Lathrop & Gage, LLP<br>1845 S. National Avenue<br>P.O. Box 4288<br>Springfield, MO 65808-4288<br>dnelson@lathropgage.com | *Nath Entities*<br>c/o Lara O. Glaesman<br>Adine S. Momoh<br>Leonard Street and Deinard, PA<br>150 South Fifth Street, #2300<br>Minneapolis, MN 55402<br>lara.glaesman@leonard.com<br>adine.momoh@leonard.com |
| *Angelo Cappas, Mary Cappas, Cappas Family Limited Partnership and Pamela Karabatsos*<br>c/o Steven C. Opheim<br>Dudley and Smith, PA<br>2602 US Bank Center<br>101 East Fifth Street<br>St. Paul, MN 55101<br>sopheim@dudleyandsmith.com | *Inland Real Estate Corporation and Inland Real Estate LB1, LLC*<br>c/o Adam D. Maier<br>Leonard, Street and Deinard<br>150 South Fifth Street, #2300<br>Minneapolis, MN 55402<br>adam.maier@leonard.com | *Legacy Enterprises, Inc.*<br>c/o Richard D. Anderson<br>Briggs and Morgan, PA<br>2200 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>randerson@briggs.com |
| *Barque Hill Capital Partners LLC*<br>c/o Steven C. Opheim<br>Dudley and Smith, P.A.<br>101 East Fifth Street, #2602<br>St. Paul, MN 55101<br>sopheim@dudleyandsmith.com | *Wood Family Limited Partnership c/o JT Brown Realty Co.*<br>c/o Lee J. Viorel<br>Lowther Johnson, LLC<br>901 St. Louis Street, 20th Floor<br>Springfield, MO 65806<br>lviorel@lowtherjohnson.com | *Strategic Restaurants Acquisition Company II, LLC*<br>c/o Robert T. Kugler<br>Leonard, Street and Deinard, PA<br>150 South Fifth Street, #2300<br>Minneapolis, MN 55402<br>robert.kugler@leonard.com |
| *Ramsey L. Cronfel and Ellen K. Cronfel as Co-Trustees of the Ramsey L. Cronfel Revocable Trust*<br>c/o Steven C. Opheim<br>Dudley and Smith, PA<br>101 East Fifth Street, #2602<br>St. Paul, MN 55101<br>sopheim@dudleyandsmith.com | *Edwin J. Taylor, Diana S. Taylor and The Skillman Corporation*<br>c/o Dennis L. Johnson<br>3300 Penn Avenue North<br>Minneapolis, MN 55412-2374<br>Johnsonlaw43@msn.com | *Warren Capital Corporation*<br>c/o James M. Jorissen<br>Leonard, Street and Deinard, PA<br>150 South Fifth Street, #2300<br>Minneapolis, MN 55402<br>jjorissen@losgs.com |
| *Pooya Incorporated*<br>c/o Matthew R. Burton<br>Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.<br>100 South Fifth Street, #2500<br>Minneapolis, MN 55402<br>mburton@losgs.com | Laurence R. Kennedy<br>Landlord and Creditor<br>Burger King Store, #11284<br>1500 Stinson Blvd. N.E.<br>Minneapolis, MN 55431 | |
| *Simon Roofing and Sheet Metal Corp.*<br>c/o Glenn R. Osborne<br>Friedman & Rummell, Co., LPA<br>132 South Broad Street, #101<br>Canfield, OH 44406 | *IKON Office Solutions*<br>Attn: Olivia Moody<br>IKON Office Solutions<br>3920 Arkwright Road, #400<br>Macon, GA 31210 | |
| | *Consolidated Energy Coop.*<br>c/o James T. Remington<br>Remington Law Offices<br>126 South Knowles Avenue<br>New Richmond, WI 54017 | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

*********************************************************************

In re:

DUKE AND KING ACQUISITION CORP.,

Debtors.

(includes:
Duke and King Missouri, LLC;
Duke and King Missouri Holdings, Inc.;
Duke and King Real Estate, LLC;
DK Florida Holdings, Inc.)

JOINTLY ADMINISTERED UNDER
CASE NO. 10-38652

Court File No. 10-38652

Court File Nos:

10-38653 (GFK)
10-38654 (GFK)
10-38655 (GFK)
10-38656 (GFK)

Chapter 11 Cases
Chief Judge Gregory F. Kishel

*********************************************************************

**ORDER AUTHORIZING DEBTORS TO SELL DE MINIMIS ASSETS
PURSUANT TO SECTION 363(B)**

*********************************************************************

This case came before the Court on Notice of Hearing and Motion for Order Authorizing Debtors to Sell De Minimis Assets Pursuant to Section 363(b). Based on the motion, all the files, records and proceedings herein,

IT IS HEREBY ORDERED,

1. The Motion is granted.

2. The sales of the De Minimis Assets listed on <u>Exhibit A</u> and <u>Exhibit B</u> to the motion are approved.

3. The following procedure is approved in connection with the sales of assets not required to complete a wind-down of the Debtors' operations:

    A. The Debtors will provide notice of any agreement or transaction for the sale of assets having an aggregate value of no more than $20,000 per transaction to (i) the Office of the United States Trustee and (ii) the Official Committee of Unsecured Creditors (together,

{2707039:2}

the "Notice Parties"). The notice of sale, where applicable, will set forth the assets to be sold, the terms of the sale, whether the purchaser is an insider, and a statement why the Debtors believe the price is reasonable.

B. The Notice Parties shall have five (5) business days from the date and time of the notice of sale to deliver to Debtors' counsel and the other noticed parties an objection to the proposed sale (the "Notice Period").

C. If an objection is not received by Debtors' counsel within five (5) business days, the Debtors may complete the sale without further notice, hearing, or order of the Court.

D. If an objection is received within the Notice Period, the Debtors will file a copy of the notice of sale and objection with the Court and will schedule a hearing to consider the sale.

E. If the proposed purchase price of any individual sale transaction exceeds $20,000 in the aggregate, the Debtors will bring a separate motion and provide notice and a hearing.

4. The sales made pursuant to the procedure set forth in paragraph 3 shall be free and clear of the liens, encumbrances, and interests of Bank of America, N.A.

5. The Debtors are authorized to retain the proceeds from sales authorized by this Order for the benefit of the estates.

6. This Order shall be effective immediately upon entry.

Dated:

                                                    Gregory F. Kishel
                                                  United States Chief Bankruptcy Judge