UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | JOINTLY ADMINISTERED UNDER CASE NO. 10-38652 |
| DUKE AND KING ACQUISITION CORP., | Court File No. 10-38652 |
| Debtors. | Court File Nos: |
| (includes: | |
| Duke and King Missouri, LLC; | 10-38653 (GFK) |
| Duke and King Missouri Holdings, Inc.; | 10-38654 (GFK) |
| Duke and King Real Estate, LLC; | 10-38655 (GFK) |
| DK Florida Holdings, Inc.) | 10-38656 (GFK) |
| | Chapter 11 Cases Chief Judge Gregory F. Kishel |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER AUTHORIZING DEBTORS TO SELL DE MINIMIS ASSETS PURSUANT TO SECTION 363(B)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This case came before the Court on Notice of Hearing and Motion for Order Authorizing Debtors to Sell De Minimis Assets Pursuant to Section 363(b). Based on the motion, all the files, records and proceedings herein,

IT IS HEREBY ORDERED,

1. The Motion is granted.

2. The sales of the De Minimis Assets listed on Exhibit A and Exhibit B to the motion are approved, with the price of the 1999 Lexus SUV modified to $8,000.00.

3. The following procedure is approved in connection with the sales of assets not required to complete a wind-down of the Debtors' operations:

   A. The Debtors will provide notice of any agreement or transaction for the sale of assets having an aggregate value of no more than $20,000 per transaction to (i) the Office of the United States Trustee and (ii) the Official Committee of Unsecured Creditors (together,

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *06/16/2011*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

the "Notice Parties"). The notice of sale, where applicable, will set forth the assets to be sold, the terms of the sale, whether the purchaser is an insider, and a statement why the Debtors believe the price is reasonable.

   B. The Notice Parties shall have five (5) business days from the date and time of the notice of sale to deliver to Debtors' counsel and the other noticed parties an objection to the proposed sale (the "Notice Period").

   C. If an objection is not received by Debtors' counsel within five (5) business days, the Debtors may complete the sale without further notice, hearing, or order of the Court.

   D. If an objection is received within the Notice Period, the Debtors will file a copy of the notice of sale and objection with the Court and will schedule a hearing to consider the sale.

   E. If the proposed purchase price of any individual sale transaction exceeds $20,000 in the aggregate, the Debtors will bring a separate motion and provide notice and a hearing.

  4. The sales made pursuant to the procedure set forth in paragraph 3 shall be free and clear of the liens, encumbrances, and interests of Bank of America, N.A.

  5. The Debtors are authorized to retain the proceeds from sales authorized by this Order for the benefit of the estates.

  6. This Order shall be effective immediately upon entry.

Dated: June 16, 2011.

*/e/ Gregory F. Kishel*
_____
Gregory F. Kishel
Chief United States Bankruptcy Judge